894 So.2d 1011 (2005)
PHANTOM OF CLEARWATER, INC., d/b/a Phantom Fireworks, Appellant,
v.
PINELLAS COUNTY, Appellee.
No. 2D03-5408.
District Court of Appeal of Florida, Second District.
January 14, 2005.
Rehearing Denied March 7, 2005.
*1013 Marion Hale and Sharon E. Krick of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, for Appellant.
Susan H. Churuti, County Attorney; Robert C. Swain and Michael A. Zas, Senior Assistant County Attorneys; and Suzanne M. Mucklow, Assistant County Attorney, Clearwater, for Appellee.
Steven G. Mason of Steven G. Mason, P.A., Orlando, for Amicus Curiae Galaxy Fireworks, Inc.
ALTENBERND, Chief Judge.
Phantom of Clearwater, Inc., d/b/a Phantom Fireworks, appeals a final judgment that dismissed its action against Pinellas County for a declaratory judgment. Phantom Fireworks sought a judgment declaring Pinellas County Ordinance 03-48 unconstitutional. This ordinance regulates businesses that sell fireworks. Phantom Fireworks maintains that the entire ordinance is unconstitutional because it is expressly or impliedly preempted by chapter 791, Florida Statutes (2003). In the alternative, it maintains that either the entire ordinance or portions thereof are unconstitutional because they facially conflict with provisions of chapter 791. The trial court concluded that the ordinance is not expressly nor impliedly preempted by chapter 791 and that none of the provisions challenged by Phantom Fireworks directly conflict with the provisions of chapter 791. We affirm the judgment with the exception of one sentence of section 2 of the ordinance, which we conclude to be in direct conflict with section 791.06, Florida Statutes (2003). That sentence is severable from the remainder of the ordinance under the ordinance's severability clause.

I. THE LIMITED RECORD ON APPEAL AND THE STIPULATED JUDGMENT
On August 1, 2003, Phantom Fireworks filed a short complaint seeking declaratory relief and an injunction. The only exhibit to the complaint was ordinance 03-48.[1] A copy of the ordinance is also attached to this opinion as appendix A. The complaint alleged that the entire ordinance is unconstitutional because it is preempted by chapter 791, or because it conflicts with that chapter. Paragraph 14 of the complaint alleged five reasons why the ordinance *1014 as a whole conflicts with the state statutes. With the complaint, Phantom Fireworks filed a verified motion for temporary injunction that repeated the content of the complaint under oath.
Pinellas County filed an answer to the complaint. Each side filed a memorandum of law addressing the motion for temporary injunction. Phantom Fireworks' memorandum argued that the ordinance was unconstitutional because the field of fireworks legislation was expressly or impliedly preempted by chapter 791. Alternatively, Phantom Fireworks argued that sections 2, 3, 4, and 5 of the ordinance were in direct conflict with specific provisions of chapter 791.
On September 23, 2003, the trial court entered an order denying the motion for temporary injunction. That order states in its entirety:
THIS CAUSE came before the Court on Plaintiff's Verified Motion for Temporary Injunction, with a certificate of service date of August 25, 2003. The Court has reviewed the Court file and all of the submitted case law. Wherefore, it is
ORDERED AND ADJUDGED that Plaintiff's Verified Motion for Temporary Injunction is DENIED. The Court finds that Pinellas County Ordinance number 03-48 is not pre-empted by, nor does it specifically conflict with the provisions of Chapter 791 of the Florida Statutes, the ordinance is consistent with state law and public policy regulating the sale and use of fireworks and is therefore constitutional.
If a hearing was held to resolve this motion, no transcript exists in our record. Thus, we have no findings of fact or any evidentiary basis to understand how the statute and the ordinance are being enforced in Pinellas County or in other counties. Except for the one-sentence legal conclusion in this order, we have no guidance from the trial court about its decision-making process.
After the trial court entered the order denying the motion for temporary injunction, the parties stipulated to the entry of a final judgment "based upon the Court's earlier order denying plaintiff's verified motion for temporary injunction." The judgment states:
ORDERED AND ADJUDGED that a final judgment is entered in favor of the defendant, Pinellas County, and against the plaintiff, Phantom of Clearwater, Inc., d/b/a/ Phantom Fireworks, for the reasons set forth in this Court's order dated September 22, 2003, denying plaintiff's verified motion for temporary injunction. The defendant, Pinellas County, shall go hence without day and the plaintiff's complaint is dismissed with prejudice.
Phantom Fireworks appeals this judgment.
This judgment is procedurally unusual and has made our review more difficult. An order denying a temporary injunction at the inception of a lawsuit is rarely a ruling that justifies a dismissal of the cause with prejudice. A temporary injunction hearing is not the equivalent of a hearing on a motion for summary judgment or a trial.
Under Florida Rule of Civil Procedure 1.610 and the case law interpreting that rule, a temporary injunction is an extraordinary remedy that can only be granted if the movant establishes (1) a likelihood of irreparable harm, (2) unavailability of an adequate legal remedy, (3) substantial likelihood of succeeding on the merits, and (4) support for the injunction within considerations of public interest. See Snibbe v. Napoleonic Soc'y of Am., Inc., 682 So.2d 568, 570 (Fla. 2d DCA 1996). Here, the order denying the motion *1015 for temporary injunction did not resolve the issues in accordance with rule 1.610. Instead, it provided the equivalent of a one-sentence declaratory judgment on the merits of the complaint. Of course, a court entertaining a request for a temporary injunction must assess the "substantial likelihood of success on the merits" and may conclude that the movant's failure to show such a substantial likelihood augurs ill for the future of the movant's claims. Nevertheless, a request for a temporary injunction would not normally anticipate nor permit a definitive ruling on the underlying claim.
Phantom Fireworks maintains in its brief that the trial court pressured the parties to agree that the ruling on the motion for temporary injunction would be dispositive of the entire case. Our record does not contain support for this argument. Whatever the reason, after the temporary injunction was denied, Phantom Fireworks entered into a stipulation permitting the entry of the terse final judgment.
Stipulated judgments, if carefully conceived and entered after the trial court has had the opportunity to address the issue presented, can be an efficient method to present an issue to an appellate court. But they can also create problems. Cf. Polk County v. Sofka, 702 So.2d 1243 (Fla.1997) (holding appellate court had no jurisdiction to review defective stipulated judgment). The stipulated judgment in this case is somewhat inconsistent. It makes a brief declaration that the judgment is entered "for the reasons set forth" in the order denying the temporary injunction, but then states "the plaintiff's complaint is dismissed with prejudice." Normally, a complaint in an action for declaratory relief is "dismissed with prejudice" only when the complaint fails to state a claim requiring adjudication. See, e.g., Bella Isla Constr. Corp. v. Trust Mortgage Corp., 347 So.2d 649 (Fla. 3d DCA 1977); Johnson v. Thoburn, 160 So.2d 729 (Fla. 3d DCA 1964). Here, the parties assert that the intent of the judgment was not to dismiss the complaint, but actually to declare the parties' respective rights under the ordinance, albeit not in the manner Phantom Fireworks desired. Because both the stipulation and judgment refer to the injunction order and no one has argued that the complaint actually failed to state a cause of action, we accept the parties' interpretation in this regard.
In light of the above, the parties have presented a record that supports a very limited issue for our review. Phantom Fireworks can challenge only the facial validity of this ordinance based on the argument that it is expressly or impliedly preempted by, or in direct conflict with, chapter 791. Phantom Fireworks has not otherwise challenged the County's powers to enact ordinances of this type, has not challenged the application of this ordinance to any specific set of facts, and has not challenged the ordinance as violating any other constitutional or statutory law. Our holding is, thus, based strictly on a review of the plain text of chapter 791 as compared to the plain text of ordinance 03-48. The parties and the record before us permit nothing more.

II. A SUMMARY OF CHAPTER 791
In order to assess Phantom Fireworks' argument that chapter 791 preempts the entire field of fireworks regulation or that the ordinance 03-48 conflicts with this existing state law, it is necessary to examine chapter 791.
Chapter 791 is entitled "Sale of Fireworks." It regulates both the sale and use of fireworks. This relatively short chapter begins with section 791.001, Florida Statutes *1016 (2003), entitled "Application and enforcement," which states:
This chapter shall be applied uniformly throughout the state. Enforcement of this chapter shall remain with local law enforcement departments and officials charged with the enforcement of the laws of the state.
The chapter then contains a list of definitions including a detailed definition of "fireworks" that includes small firecrackers and other standard items of fireworks, but excludes sparklers, snakes, and some relatively safe smoke-creating devices. See § 791.01, Fla. Stat. (2003). As to the items excluded from the definition of fireworks, there are specific provisions requiring the testing and approval of sparklers prior to their retail sale and placing certain safety restrictions on their storage. See §§ 791.013, .055, Fla. Stat. (2003). Retailers (who are specifically defined in section 790.01(6), (7) as persons engaged in selling sparklers) are prohibited from selling a sparkler or other authorized product unless it was obtained from an entity registered with the Division of the State Fire Marshal, and retailers must keep records regarding their purchase of such products. See § 791.02(2), Fla. Stat. (2003).
Significantly, chapter 791 establishes a general prohibition against the use and sale of the items that fall within the definition of fireworks. See § 791.02. This general prohibition is subject to several seemingly narrow exceptions. First, boards of county commissioners and governing bodies of municipalities may adopt reasonable rules and regulations to grant permits for the supervised public display of fireworks. See § 791.02. Section 791.012, Florida Statutes (2003), provides minimum fireworks safety standards for these outdoor displays,[2] but expressly permits counties and municipalities to provide in local ordinances for more stringent regulations for the outdoor display of fireworks. Section 791.03, Florida Statutes (2003), mandates that boards of county commissioners require bonds from each "licensee" of not less than $500.[3]
Additionally, fireworks can be sold at the wholesale level so long as the sales either go to entities outside the state or are delivered to other manufacturers, distributors, or wholesalers. See § 791.04, Fla. Stat. (2003). They can be sold to people holding local permits for outdoor public display. Id. The statute further provides:
Nothing in this chapter shall be construed . . . to prohibit the use of fireworks by railroads or other transportation agencies for signal purposes or illumination or when used in quarrying or for blasting or other industrial use, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations. . . .
See § 791.04.[4] Finally, fireworks may be lawfully sold and used for "frightening birds from agricultural works and fish hatcheries." See § 791.07, Fla. Stat. (2003). Only the Department of Agriculture *1017 and Consumer Services may create rules regulating this unusual "use," but no governmental agency or subdivision is expressly authorized or prohibited from regulating sales for this use. Id. All manufacturers, distributors, wholesalers of fireworks, and those retailers selling sparklers must register with the Division of the State Fire Marshal. See § 791.015, Fla. Stat. (2003).
Section 791.06 provides that a violation of this chapter is a first-degree misdemeanor punishable by a term of imprisonment not to exceed one year. See § 775.082(4)(a), Fla. Stat. (2003).

III. PERCEIVED ABUSE OF THE EXCEPTIONS LEADS TO A STRICT LOCAL ORDINANCE IN PINELLAS COUNTY
The exceptions described in the preceding section seem very narrow and innocuous. But anyone who has ever lived in Florida in the weeks surrounding the Fourth of July or New Year's Day has observed that countless tents selling standard fireworks pop up along roads near residential neighborhoods just before the upcoming holiday and disappear as soon as the holiday is over.
A stranger to our state would be forced to conclude that these nomadic purveyors of fireworks ply their wares to a large population of fish-farmers and other agriculturalists who are plagued by avian infestations. The stranger would assume that the pesky birds became intolerable shortly after dark on July Fourth and immediately following midnight on January First. Unfortunately, after the birds are frightened away and the tents have moved on, the stranger would realize that adults and children with serious injuries were left behind.[5]
The truth is that chapter 791 is simply not a popular law in many communities. Many adults enjoy setting off fireworks on holidays. Many parents carefully supervise their older children when they play with fireworks. Some parents unfortunately allow younger children to treat fireworks like toys. So long as people do not flagrantly violate chapter 791 and the neighbors do not complain, it appears most police officers turn a blind eye to people selling and using consumer-grade fireworks.[6]
By 2003, Pinellas County Commissioners had become dissatisfied with the lack of enforcement of chapter 791 and responded by enacting ordinance 03-48. The whereas clauses to this ordinance reveal the concerns of the commissioners, including the observation that vendors were "feigning compliance" with the law by obtaining representations from purchasers that the purchasers met the legal requirements for *1018 the use of fireworks without verifying the truthfulness of the purchasers' statements.
Ordinance 03-48 is not designed to regulate the use of fireworks. It regulates the business of selling fireworks. It does not change the definition of fireworks in chapter 791 or the general prohibition against the sale or use of fireworks. It does not alter any of the statutory exceptions. Nevertheless, Phantom Fireworks and other sellers of fireworks would experience additional costs of doing business under these regulations, and quite possibly a drastic reduction in sales if their current sales were found in violation of the letter or the spirit of chapter 791. Thus, Phantom Fireworks has challenged the provisions of this ordinance.

IV. CHAPTER 791 DOES NOT PREEMPT REGULATION OF THE BUSINESS OF SELLING FIREWORKS
Phantom Fireworks first argues that chapter 791 either expressly or impliedly preempts the field of fireworks regulation. We disagree.
Phantom Fireworks relies primarily on the language of section 791.001 to argue that the statute expressly preempts local ordinances. As quoted earlier, that section states:
This chapter shall be applied uniformly throughout the state. Enforcement of this chapter shall remain with local law enforcement departments and officials charged with the enforcement of the laws of the state.
§ 791.001.
The language of this statute is puzzling. The purpose of any general statute is to establish a law that applies throughout the state. The rules of statutory interpretation are designed to attempt to apply even ambiguous statutes in a uniform method throughout the state. Thus, the first sentence of this statute is arguably surplus language.
Counties in Florida are given broad authority to enact ordinances. See Art. VIII, § 1(f), (g), Fla. Const.; § 125.01(3), Fla. Stat. (2003); St. Johns County v. N.E. Fla. Builders Ass'n, 583 So.2d 635, 642 (Fla.1991). The legislature can preempt that authority and may do so either expressly or by implication. See Santa Rosa County v. Gulf Power Co., 635 So.2d 96 (Fla. 1st DCA 1994). Preemption essentially takes a topic or a field in which local government might otherwise establish appropriate local laws and reserves that topic for regulation exclusively by the legislature.
Express preemption of a field by the legislature must be accomplished by clear language stating that intent. Id. at 101 (citing Hillsborough County v. Fla. Rest. Ass'n, 603 So.2d 587, 590 (Fla. 2d DCA 1992)). We conclude that section 791.001 does not contain language creating an express preemption. This statute does not contain language similar to the phrase, "It is the legislative intent to give exclusive jurisdiction in all matters set forth in this chapter"  language that has been held to establish a level of preemption in the field of telecommunication companies. See § 364.01, Fla. Stat. (2003); Gulf Power Co., 635 So.2d at 101. It does not come close to the language of chapter 316, which creates a "Florida Uniform Traffic Control Law," and specifies "the area within which municipalities may control certain traffic movement or parking in their respective jurisdiction." See §§ 316.001, .002, .008, Fla. Stat. (2003); Thomas v. State, 614 So.2d 468 (Fla.1993). If the legislature intends to preempt a field, it must state that intent more expressly than the language contained in section 791.001. See, e.g., § 24.122(3), Fla. Stat. (2003) ("All *1019 matters relating to the operation of the state lottery are preempted to the state, and no county, municipality, or other political subdivision of the state shall enact any ordinance relating to the operation of the lottery authorized by this act."); § 320.8249(11), Fla. Stat. (2003) ("The regulation of manufactured home installers or mobile home installers is preempted to the state, and no person may perform mobile home installation unless licensed pursuant to this section, regardless of whether that person holds a local license.").
Implied preemption is actually a decision by the courts to create preemption in the absence of an explicit legislative directive. Courts are understandably reluctant to preclude a local elected governing body from exercising its local powers. As well explained by Judge Wolf in Tallahassee Memorial Regional Medical Center, Inc. v. Tallahassee Medical Center, Inc., 681 So.2d 826, 831 (Fla. 1st DCA 1996), if the legislature can easily create express preemption by including clear language in a statute, there is little justification for the courts to insert such words into a statute. In the absence of express preemption, normally a determination based upon any direct conflict between the statute and a local law, as discussed in the next section, is adequate to solve a power struggle between existing statutes and newly created ordinances.
Accordingly, courts imply preemption only when "the legislative scheme is so pervasive as to evidence an intent to preempt the particular area, and where strong public policy reasons exist for finding such an area to be preempted by the Legislature." Id. (citing Tribune Co. v. Cannella, 458 So.2d 1075 (Fla.1984), and Fla. Rest. Ass'n, 603 So.2d 587). When courts create preemption by implication, the preempted field is usually a narrowly defined field, "limited to the specific area where the Legislature has expressed their will to be the sole regulator." Id. (citing N.E. Fla. Builders Ass'n, 583 So.2d 635; Gulf Power Co., 635 So.2d 96).
The legislative scheme created by chapter 791 is not pervasive, nor are the public policies concerning the use or sale of fireworks so strongly supportive of a need for statewide uniformity that no power is left to the counties to regulate this topic so long as the local laws do not conflict with chapter 791. We first observe that chapter 791 is a relatively short chapter. The entire text of chapter 791 encompasses three pages in the publication of the Florida Statutes. It does not compare in length or substance to the uniform traffic laws or the statutory regulation of telecommunications. It expressly delegates enforcement to local government and contemplates that counties will regulate outdoor displays of fireworks. It authorizes boards of county commissioners to set and require appropriate surety bonds for those people who are licensed by the county in connection with fireworks. It is difficult for a court to imply preemption of the entire field of "sale of fireworks" when the legislature affirmatively informs local government to act.[7]
There undoubtedly is an argument that chapter 791 impliedly preempts narrow topics within the broader topic of fireworks. For example, a strong argument could be made that the legislature intended the definition of fireworks in section 791.01(4) to be a preemptive definition. *1020 That issue is not before this court in this appeal. Rather, we are asked to address whether chapter 791 is so pervasive as to the field of the sale of fireworks that Pinellas County is deprived of all local power in this regard. Under this statutory scheme, which primarily (1) defines the term "firework," (2) requires the registration of entities that manufacture or sell them, and (3) generally prohibits their use or sale subject to specific exceptions, we find no pervasive scheme of regulation and no strong public policy reason that would prevent a local government from enacting ordinances in this area so long as they do not directly conflict with the provisions of chapter 791.

V. CONFLICTS BETWEEN CHAPTER 791 AND ORDINANCE 03-48
Phantom Fireworks' complaint asserts that conflicts between chapter 791 and ordinance 03-48 require the court to invalidate the entire ordinance. These allegations overlook the severability clause in the ordinance. We conclude that the conflict between the content of chapter 791 and ordinance 03-48 is quite limited. The fact that a limited conflict exists does not warrant a declaration that the entire ordinance is unconstitutional.
In a contest of power between state government and local government, the legislature can win even if it has not preempted a topic. When the legislature takes action and enacts a statute, local government cannot adopt or enforce an ordinance that conflicts with the statute. See Thomas, 614 So.2d at 470; Rinzler v. Carson, 262 So.2d 661 (Fla.1972). In general, an ordinance conflicts with a statute when the two rules cannot coexist. See Fla. Rest. Ass'n, 603 So.2d at 591; State ex rel. Dade County v. Brautigam, 224 So.2d 688, 692 (Fla.1969). Stated otherwise, legislative provisions are inconsistent if, in order to comply with one provision, a violation of the other is required. Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661, 664 (Fla. 3d DCA 1976) (citing E.B. Elliott Adver. Co. v. Metro. Dade County, 425 F.2d 1141, 1150 (5th Cir.1970)). Generally under this definition, the fact that an ordinance imposes additional requirements on a person or business is not evidence of conflict.
Phantom Fireworks argued before the trial court that four provisions of ordinance 03-48 conflicted with chapter 791. We address the substance of each of those provisions and Phantom Fireworks' claim of conflict in turn:

A. The Penalties in Section 2 of the Ordinance.
Phantom Fireworks asserts that section 2 of the ordinance conflicts with sections 791.05 and 791.06 by imposing additional penalties for a violation of the provisions of chapter 791. Section 2 has three main provisions.
First, section 2 amends section 62-82(1) of the Pinellas County Code to provide:
Violations of this division shall be punishable and its requirements enforced as provided under Sec. 1-8 of this Code. Violations shall subject an offender to arrest pursuant to Florida Statutes, § 901.15 and prosecution pursuant to Florida Statutes, § 125.69. These sanctions are in addition to any criminal penalty which is available under the provisions of Chapter 791, Florida Statutes.
Section 1-8 of the Pinellas County Code makes a violation of its provisions punishable by a fine of $500 or imprisonment in the county jail for a term not exceeding sixty days.
The criminal penalty provided by the ordinance for a violation of its terms is not more severe than the penalty provided by section 791.06. While a violation of the *1021 statute is a first-degree misdemeanor, a violation of the ordinance permits a penalty similar to those imposed for second-degree misdemeanors. See §§ 775.082(4)(a), (b), 791.06. Therefore, there is no facial conflict between the ordinance's required penalty and the penalty in the state statute. See Thomas, 614 So.2d at 470 (stating, "[w]hile a municipality may provide a penalty less severe than that imposed by a state statute, an ordinance penalty may not exceed the penalty imposed by the state. Edwards v. State, 422 So.2d 84 (Fla. 2d DCA 1982)").
The final sentence of this provision, however, which provides that the sanctions in section 62-82(1), as amended, "are in addition to any criminal penalty which is available under the provisions of Chapter 791," presents a conflict. Certain provisions of ordinance 03-48 simply require compliance with provisions of chapter 791. The final sentence of section 62-82(1), as amended, would therefore appear to permit the County to impose an additional fine or term of imprisonment on a person in addition to a criminal penalty imposed on that person under section 791.06. To the extent this could increase the penalty provided for in section 791.06 simply for a violation of the terms of chapter 791, the ordinance is in conflict.
This conflict does not require us to invalidate the entire ordinance. Section 7 of the ordinance contains a severability clause that provides that if any court finds that any "Section, Subsection, sentence, clause, phrase or provision" of the ordinance is invalid or unconstitutional, the ruling shall not be construed to render the remainder of the ordinance invalid or unconstitutional. We recognize that a severability clause is persuasive but not binding upon a court. Cf. State v. Champe, 373 So.2d 874, 880 (Fla.1978) (regarding severability of a portion of a Florida state legislative provision). Nevertheless, because the final sentence of the first full paragraph of section 2 can be separated from the remainder of the ordinance without subverting the intent or purpose of the ordinance, and because the severability clause demonstrates that the County would have enacted the ordinance without this provision, we hold this provision severable from the remainder of the ordinance. See State ex rel. Boyd v. Green, 355 So.2d 789, 794 (Fla.1978).
The remaining provisions of section 2 of the ordinance grant law enforcement the authority to order the cessation of the sale of fireworks when it is being done without the required permits and requires the business so ordered to secure its inventory. If a seller is twice convicted of a violation of chapter 791 or the ordinance within a twelve-month period, the County may suspend the seller's local permit to sell fireworks for fourteen days, with additional suspensions of up to thirty days for subsequent violations within a twenty-four-month period.
No one has challenged the authority of the County to require that a business intending to engage in the sale of fireworks obtain a permit from the County. If the County has the authority to require a permit for the operation of such a business within its jurisdiction, the County has the authority to revoke or suspend the permit based upon reasonable grounds related to the health, safety, and welfare of its citizens. Cf. Pratt v. City of Hollywood, 78 So.2d 697 (Fla.1955) (holding that city had legal authority to suspend licenses for operation of taxicab business for any good cause affecting the public health, safety, and welfare of people in the city). These are not criminal penalties. Under these circumstances, the portion of the ordinance prohibiting the operation of a fireworks business without the proper permits and *1022 providing for the limited suspension of the permits for violations of the ordinance or state law regarding fireworks is not in conflict with state law.

B. Section 3 of the Ordinance Regarding Storage and Sale of Sparklers.
Section 3 of the ordinance requires compliance with sections 790.01 and section 791.015, and states:
Sparklers shall be stored and sold in the . . . county in accordance with the zoning laws, fire prevention code, license laws of the county and permits issued by the local fire official having jurisdiction and all other state and local laws.
Nothing in this provision facially conflicts with the provisions of chapter 791. Presumably, a business would be required to comply with the listed laws and provisions even in the absence of this provision. Phantom Fireworks has not demonstrated that any specific provision in these cited laws or provisions would themselves directly and facially conflict with chapter 791. There is therefore no demonstrated conflict between this provision and chapter 791.

C. Section 4 of the Ordinance Regarding Business Records.
Section 4 of the ordinance contains a general prohibition against fireworks. That subsection states: "Except as provided in Sections 791.02, 791.04, or 791.07, Florida Statutes . . . it shall be unlawful for any person, firm, partnership, or corporation to offer for sale at wholesale or retail, expose for sale at wholesale or retail, or use or explode any fireworks within the county." By expressly permitting the sale or uses permitted by sections 791.02, .04 and .07, (the only provisions in chapter 791 on this topic), this portion of the ordinance avoids conflict with the statute.
The subsequent provisions of section 4 are directed at insuring that the sales of fireworks occur in accordance with the provisions of chapter 791. These subsections require the development of an affidavit for sellers to use to determine whether a potential purchaser is qualified to use or purchase fireworks, require a purchaser to present identification at the time of sale and proof that they are registered with the Division or otherwise in compliance with chapter 791, and require documentation of a purchaser's connection with a permitted use of fireworks. This portion of the ordinance also requires the sellers to display all appropriate permits, registrations, certificates, and licenses, and to maintain on-site records of all sales. The records must be maintained for at least four years and are subject to inspection by fire or law enforcement officials without a warrant.
As Phantom Fireworks points out, there is nothing in chapter 791 regarding these requirements. In addition, we see no direct conflict between these provisions and the text of chapter 791. The ordinance is intended to and can coexist with chapter 791. It is consistent with the legislature's intent to permit local law enforcement to enforce the terms of the statute. See § 791.001. The ordinance may be a vigorous effort to enforce the prohibitions contained in chapter 791, but a person or entity is fully capable of complying with both chapter 791 and ordinance 03-48.[8]

*1023 D. Section 5 of the Ordinance Regarding Permits.
Section 5 of the ordinance generally provides for a local permitting process before a person can engage in the sale of fireworks in Pinellas County. To obtain this permit, the seller must provide considerable information, including the names and addresses of all persons or entities that have "an interest" in the fireworks inventory. The applicant for a permit must also obtain a $1,000,000 combined single limits liability insurance policy to cover the risk of loss or injury to other people arising from its business operations in Pinellas County.
Phantom Fireworks argues that this requirement conflicts with chapter 791.04, which, it maintains, "exempts wholesale sales, provided the manufacturer, distributor or wholesaler has registered with the Division." As stated above, the ordinance's proscription against fireworks specifically excepts acts that are permitted by sections 791.02, 791.04, and 791.07. Thus the ordinance does not prohibit a wholesale manufacturer, distributor, or seller from doing that which is permitted by the statute. Although the ordinance does establish a permitting process for all businesses involving fireworks and that process imposes additional requirements on businesses wanting to avail themselves of the benefits of doing business in Pinellas County, this permitting process does not directly conflict with the provisions of chapter 791.
Thus, with the exception of the one sentence of section 2 of ordinance 03-48 that provides that its penalties are "in addition to" penalties imposed under chapter 791, each of the provisions challenged by Phantom Fireworks can coexist with the provisions in chapter 791. A person can comply with the requirements of the ordinance without violating chapter 791, and can comply with the requirements of chapter 791 without violating the ordinance. It is true that the ordinance's requirements impose additional burdens upon those engaged in the fireworks business in Pinellas County, but those additional burdens are not prohibited by the statutes. They supplement, rather than contradict, the provisions of chapter 791.

VI. CONCLUSION
Because chapter 791 does not expressly or impliedly preempt the field of fireworks regulation, Pinellas County was free to enact regulations regarding the operation of businesses involving fireworks so long as those regulations did not directly conflict with state law. With the exception of the one sentence of section 2 of ordinance 03-48 specified above, the provisions of ordinance 03-48 challenged by Phantom Fireworks are not facially in direct conflict with chapter 791. We affirm the judgment in all respects except to the extent it held the last sentence of the first full paragraph of section 2 of the ordinance constitutional.
Affirmed in part, reversed in part, and remanded.
KELLY and VILLANTI, JJ., Concur.

APPENDIX A

PINELLAS COUNTY ORDINANCE

NO. 03-48
AN ORDINANCE OF THE COUNTY OF PINELLAS, PROVIDING A *1024 REGULATORY MECHANISM TO ENFORCE THE PROVISIONS OF FLORIDA STATUTES CHAPTER 791 REGARDING THE SALE AND USE OF FIREWORKS; AMENDING THE EXISTING ORDINANCE TO USE THE DEFINITIONS PROVIDED FOR IN CHAPTER 791, F.S.; PROVIDING THAT THE PURCHASER OF ANY FIREWORKS PRODUCE DOCUMENTATION SHOWING EXEMPTION FROM, OR COMPLIANCE WITH, THE REQUIREMENTS OF THE FLORIDA STATUTES; PROVIDING THAT A SELLER OF FIREWORKS MUST OBTAIN A PERMIT FROM FIRE AUTHORITY PRIOR TO ENGAGING IN ANY SALES; REGULATING THE STORAGE AND SALE OR USE OF SPARKLERS; ESTABLISHING RECORD KEEPING REQUIREMENTS ON VENDORS OF FIREWORKS WITHIN PINELLAS COUNTY; ESTABLISHING PENALTIES FOR MULTIPLE CONVICTIONS OF VIOLATIONS; PROVIDING FOR SEVERABILITY; PROVIDING FOR ADDITIONS OR DELETIONS THAT MAY ARISE AS A RESULT OF MATTERS RAISED AT THE PUBLIC HEARING OR IN CONSULTATION WITH RESPONSIBLE AUTHORITIES; PROVIDING FOR AN EFFECTIVE DATE.
WHEREAS, Florida Statute Chapter 791, provides limitations on the sale and use of items defined under this chapter as "Fireworks"; and
WHEREAS, many injuries to both persons and property occur each year as a result of improper use and illegal sale of fireworks being sold under the guise of being sparklers and, therefore, legal for consumer purchase and use; and
WHEREAS, the improper use and illegal sale of items purporting to be lawful sparklers cause life and property threatening fires and fire hazards; and
WHEREAS, some vendors of fireworks sell to the public, fireworks which are legal for use only by certain businesses. In order to feign compliance with restrictions on sales under existing law, these vendors obtain certain representations from purchasers that the purchasers meet the legal requirements to use such fireworks without verifying the truthfulness of those statements; and
WHEREAS, it is deemed necessary to protect the lives and property of the people of Pinellas County, Florida, through regulatory measures designed and intended to reduce personal injury and property damage and minimize the possibility of fires and the creation of fire hazards; and
WHEREAS, by the adoption of this ordinance, it is the intention of the Board of County Commissioners of Pinellas County, Florida, to facilitate the enforcement of the statutory provision of Chapter 791, Florida Statutes.
NOW, THEREFORE, BE IT ORDAINED BY THE BOARD OF COUNTY COMMISSIONERS OF PINELLAS COUNTY, FLORIDA THAT THE PINELLAS COUNTY CODE IS AMENDED AS FOLLOWS:
Section 1. Section 62-81 of the Pinellas County Code is hereby amended to read as follows:
Sec. 62-81. Definitions.
1. Authority  "Authority" shall mean the Pinellas County Fire Authority.
2. As used herein, the terms "fireworks", "sparklers", "retailer", "wholesaler", "distributor", and "manufacturer" shall have the same meaning as specified *1025 in Section 791.01, Florida Statutes as it may, from time to time, be amended.
3. As used herein "seller" shall refer to either a wholesaler or retailer as appropriate to the context of the transaction.
Section 2. Section 62-82 of the Pinellas County Code is hereby amended to read as follows:
Sec. 62-82 Penalties for violation of this Division.
1. Violations of this division shall be punishable and its requirements enforced as provided under Sec. 1-8 of this Code. Violations shall subject an offender to arrest pursuant to Florida Statutes, § 901.15 and prosecution pursuant to Florida Statutes, § 125.69. These sanctions are in addition to any criminal penalty which is available under the provisions of Chapter 791, Florida Statutes.
2. The law enforcement agency having jurisdiction has the authority to immediately order the cessation of the sale of fireworks at any business or location that is selling fireworks without all required permits until such time as corrective action is taken and the missing permits are obtained. Upon notification by the appropriate law enforcement agency that sales are to cease, the seller shall take appropriate action to secure its fireworks inventory immediately and to prevent the further sale by securing the fireworks in an appropriate off premises locked facility that meets State and Local Fire Code standards. As an alternative to securing the fireworks off site, the business may cease operations until such time as the required permits are obtained and during this time store the inventory on site if the location is secure and meets State and Local Fire Code requirements. It shall be the obligation of the seller to ensure that adequate security is in place during any period they cease operations. Prior to resuming the sale of fireworks, the seller shall notify the Authority of its intent to resume sales and of the corrective action taken.
3. If a seller has been convicted of a violation of this division or of Chapter. 791, Florida Statutes and within 12 months of that conviction is convicted again of a violation of this division or of Chapter 791, Florida Statutes, its permit to sell fireworks under Sec. 62-89 shall be suspended. The suspension shall be in addition to any sanction otherwise available under State law or this Code. The first suspension shall be for a period of 14 days. In the event of any successive conviction of a violation of this ordinance or the provisions of Chapter 791, F.S. occurring within 24 months of a suspension of permit under this section, the seller's permit to sell fireworks shall be suspended for a period of 30 days. Upon notification of a suspension of the permit to sell fireworks, the seller shall immediately remove their fireworks inventory from their premises and store them in a secure offsite location which meets all appropriate State and Local Fire codes. Alternatively, the seller may cease operations during the period of suspension if their premises are secure and otherwise meet the requirements of Local and State fire codes.
4. For purposes of this Division, a conviction includes the payment of the assessed fine by not contesting the *1026 notice of violation where there is no court appearance.
5. Parents or Guardians are responsible for the violations of minors.
(Ord. No. 86-9, § 8, 2-11-86)
Section 3. Section 62-84 of the Pinellas County Code is hereby amended to read as follows:
Sec. 62-84. Storage and sale of Sparklers.
1. Sparklers shall be stored and sold in the unincorporated and incorporated areas of the county in accordance with the zoning laws, fire prevention code, license laws of the county and permits issued by the local fire official having jurisdiction and all other state and local laws
2. All manufacturers, distributors, and wholesalers of sparklers shall be registered with the State Division of Fire Marshall pursuant to Section 791.015, Florida Statutes.
3. A retailer of sparklers shall be required to comply with the provisions of Section 791.01, Florida Statutes.
(Ord. No. 86-9, § 2, 2-11-86)
Section 4. Section 62-85 of the Pinellas County Code is hereby amended to read as follows:
Sec. 62-85. Prohibition of Fireworks; Exceptions; Permits and Regulations.
1. Except as provided in Sections 791.02, 791.04, or 791.07, Florida Statutes, or under division 2 of this article, it shall be unlawful for any person, firm, partnership, or corporation to offer for sale at wholesale or retail, expose for sale at wholesale or retail, or use or explode any fireworks within the county.
2. The Authority shall develop an affidavit which all sellers of fireworks within the County shall use to determine the entitlement of any purchaser at retail or wholesale to buy fireworks.
3. The purchaser of any fireworks must furnish to the seller, at the time of sale, proof of identification and, if applicable, proof that the purchaser is registered with the Division of the State Fire Marshal and is otherwise in compliance with Chapter 791, Florida Statutes. The seller shall retain a copy of any proof of registration presented.
4. The seller must maintain an on-site record of all sales, including the name and address of each purchaser, the form of the purchaser's identification presented along with any unique identifier associated with that identification (e.g. drivers license number), and, where required, proof of registration and compliance with Chapter 791, Florida Statutes. If the seller determines that registration under Chapter 791 is not required, then the basis for such exception or exemption shall be recorded on a form approved by the Authority.
5. Any person, firm, partnership, or corporation who is not registered with the Division of the State Fire Marshal and who, pursuant to Section 791.04, Florida Statutes, purchases fireworks for shipment directly out of the state, shall not be allowed to take possession of such fireworks. The seller shall retain the possession of such fireworks and shall be responsible for shipping all fireworks purchased to the purchaser or other recipient at an out-of-state point of delivery.
6. Any person, firm, partnership or corporation who, pursuant to rules *1027 promulgated by the Department of Agriculture and Consumer Services under Section 791.07, Florida Statutes, purchases firecrackers for frightening birds must provide to the seller a copy of the statement that has been filed with and stamped as received by the Pinellas County Sheriff's Office pursuant to the rules prescribed by the Department of Agriculture and Consumer Services. The seller shall be required to maintain the stamped copy of the statement in addition to the information required in paragraph 4 above.
7. The purchaser of fireworks to be used by a railroad or other transportation agency must provide a copy of the business license or other government issued document evidencing that the purchaser is a legitimate railroad or transportation agency. A commercial drivers license, by itself, does not meet the requirements of this section. A copy of this document must be maintained by the seller.
8. The purchaser of fireworks to be used in quarrying or for blasting or other industrial use must produce a copy of the quarry or mine permit or business license or other governmentally issued document showing that the purchaser is operating a mine, quarry or other industrial enterprise. The seller shall maintain a copy of this proof and note the use for which the fireworks shall be used. The seller shall also record the location where the fireworks will be used. The purchaser of fireworks to be used in a public display such as those authorized under Division 2 of this Section, must produce a copy of the current permit from a county or municipality and the seller must keep a copy of this permit with the record of sale.
9. All appropriate local and state permits, registrations, certificates and licenses must be displayed at each retail, wholesale, distributing, or manufacturing site.
10. The seller must maintain copies of the records required by this chapter at the location where the sale took place for a period of four years from the date of the sale. If the location of the sale was in a temporary facility, the records must be maintained at that site for the duration of the existence of the temporary facility and thereafter for the remainder of the four years in a location within Pinellas County which location shall be listed on the application for the permit from the Authority. These records must be available and provided immediately upon request for inspection by Fire or Law Enforcement officials. In the event that the sales location, other than a temporary site, closes or moves, the records required by this section to be retained must be stored at a location in Pinellas County where they will be readily available for inspection by the Authority, Fire Officials or Law Enforcement. The seller shall advise the authority of any change in the location of these records.
(Ord. No. 86-9, § 3, 2-11-86)
Section 5. Section 62-89 of the Pinellas County Code is hereby created to read as follows:
Sec. 62-89. Fire Authority to Issue Permits Governing the Sale of Fireworks.
1. The Fire Authority is authorized to issue permits which shall be required *1028 for all sales of fireworks within Pinellas County subject to the limitations of Sec. 62-83.
2. Any person, firm, partnership, or corporation engaging in the sale, at retail or wholesale, or in the distributing or manufacturing of fireworks must first apply for and secure a permit from the Authority. This requirement is in addition to any licensing or permitting required by any municipality. Any sale of fireworks without first obtaining a permit is a violation of this Division.
3. In order to obtain a permit, the applicant, must provide proof of compliance with all State and Federal regulations regarding the storage, display for sale and sale of fireworks at each location listed on the application.
4. The application for such permit shall include proof that the applicant is registered with the Division of the State Fire Marshal as a wholesaler, distributor or manufacturer of fireworks pursuant to Section 791.015, Florida Statutes, and shall be accompanied by a permit fee in an amount to be established by resolution of the Board of County Commissioners which may be set in an amount sufficient to pay for the cost of regulatory requirements of this ordinance.
5. The applicant must show evidence of Financial Responsibility pursuant to Sec. 62-90.
6. The applicant must disclose the name and address of all persons or entities having an interest (financial, security or otherwise) in the inventory that will be offered for sale.
7. Each location at which the applicant intends to display fireworks for sale or sell fireworks must be listed on the application. The application must also list the name of the manager in charge of each location and their address. The permit shall be issued in the name of the applicant only and shall not be transferable.
8. The application for the permit shall also list the nature of any other sales or business operations of the applicant which are to take place at the permitted premises.
9. Once a permit is issued, the permit holder shall have a continuing obligation to notify the Authority of any change in the information set forth in the application for the permit including, but not limited to any changes in physical address closure of the permit holders operations at any location where the permit holder does business in Pinellas County.
10. As a condition of maintaining the permit, the permit holder must comply with all Federal, State and Local regulations governing the sale and storage of fireworks, and must maintain all necessary permits required by Federal, State or Local law, ordinance or regulation. The permit holder must also comply with the record keeping provisions of this division.
11. The Authority is authorized to issue Temporary Fireworks Sales Permits which shall be in force for a period not to exceed 90 days and Annual Fireworks Sales Permits which shall remain in effect for no longer than 12 months.
Section 6. Section 62-90 of the Pinellas County Code is hereby created to read as follows:
Sec. 62-90. Evidence of Financial Responsibility.
*1029 In furtherance of the provisions of Sec 62-88, all sellers of fireworks, must keep in force an insurance policy showing general, comprehensive, liability and property damage insurance coverage on an occurrence basis with minimum limits in the policy of not less than one million dollars ($1,000,000.00) combined single limit coverage for each loss that may result from the activities of the sellers. Sellers must maintain Workers' Compensation coverage as required pursuant to Chapter 440, Florida Statutes. A failure to maintain this required coverage after the procurement of a permit shall be a violation of this Division and grounds for suspension of their permit from the Authority and the sale of the permitted goods as set forth in Sec 62-82 shall cease until such time as the required insurance is obtained.
Section 7. Section 62-91 of the Pinellas County Code is hereby created to read as follows:
Sec. 62-91. Severability.
If any Section, Subsection, sentence, clause, phrase or provision of this Ordinance is for any reason held invalid or unconstitutional by any Court of competent jurisdiction, such holding shall not be construed to render the remaining provisions of this Ordinance invalid or unconstitutional.
Secs. 62-92  62-95. Reserved.
Section 8. Amendment of Proposed Ordinance at Public Hearing.
If any section, subsection, clause or provision of this ordinance as proposed to be amended, added, or deleted by majority vote of the Commission as a result of matters raised at the public hearing or in consultation with responsible authorities, then such amendments, additions, or deletions shall be validly adopted without additional advertisement or hearing.
Section 9. Effective Date.
The provisions of this ordinance shall become effective upon filing of a certified copy of this ordinance with the Department of State but in no event prior to September 1, 2003.
NOTES
[1] Ordinance 03-48 amends sections 62-81, 62-82, 62-84, 62-85, and 62-89 to 62-91 of the Pinellas County Code. Chapter 62 of the code deals with fire prevention and protection. Division 1 of article IV deals generally with fireworks and contains chapter 62. Ordinance 03-48 amends portions of this division. Division 2 of article IV deals with the use and display of fireworks and was not amended by this ordinance. See http://www.pinellascounty.org/attorney/Code.htm.
[2] By reference to the National Fire Protection Association (NFPA) 1123, Code for Fireworks Display, 1995 edition, it is clear that in this context "display" connotes a fireworks show, not the display of unused and unopened fireworks for sale.
[3] There is no definition of "licensee" in the chapter, although it appears this section is intended to cover the persons who receive local permits for outdoor displays.
[4] Oddly, although it is legal to "use" fireworks for these purposes, the statute does not provide any exception that would permit lawful sales to people planning to engage in such uses.
[5] The National Center for Injury Prevention and Control provides current information about fireworks-related injuries and deaths at http:// www.cdc.gov/ncipc/factsheets/fworks.htm. The 2002 Annual Fireworks Report of the U.S. Consumer Product Safety Commission can be found at http://www.cpsc.gov/library/2002fwreport.PDF.
[6] This widespread failure to enforce chapter 791 is somewhat surprising because the chapter would seem to be easily enforced. As the parties to this appeal all agree, section 791.02 does not contain the word "knowing." It creates a misdemeanor to protect citizens, primarily children, from what is sometimes described as a public welfare offense. Accordingly, it is either a strict liability crime or one requiring minimal mens rea. See generally State v. Giorgetti, 868 So.2d 512, 516 (Fla.2004). Although retailers of fireworks in Florida often utilize forms in which people claim they own fish farms or other agricultural ventures, it is not obvious that a misrepresentation by the purchaser would protect the seller from criminal sanction.
[7] We note that the Pinellas County Code contains local ordinances regulating fireworks that were adopted as early as 1986. Phantom Fireworks is not challenging the ordinances that have previously been codified but only this newest ordinance that amends portions of these earlier local laws.
[8] We note that Galaxy Fireworks, appearing as an amicus curiae in this appeal, has argued that the portion of section 4 of the ordinance which amends section 62-85(6) of the code directly conflicts with Florida Administrative Code Rule 5A-3.001, with respect to the designated county in which a person employing fireworks for agricultural works or fish hatcheries must file a written statement. The County has acknowledged this conflict and indicated its intent to amend this portion of the provision. Galaxy Fireworks also alleges additional conflict between the Florida Administrative Code rules enacted by the Department of Agriculture and the provisions of the ordinance. However, these arguments were not presented by any party to the trial court and are therefore not appropriate for our review.