LaROSE, Judge.
Discount Fireworks of Central Florida,' Inc. (Discount), sued Sarasota County (County) seeking to determine its rights under the County’s fireworks ordinance. The trial court entered, and Discount appeals from, an order granting the County’s summary judgment motion. The order lacks language of finality that would make it a final, appealable order. See Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561, 562 (1931); Hoffman v. Hall, 817 So.2d 1057, 1058 (Fla. 1st DCA 2002). Ordinarily, we would relinquish jurisdiction to the trial court for entry of an appropriate final summary judgment. See Better Gov’t Ass’n of Sarasota County v. State, 802 So.2d 414, 416 (Fla. 2d DCA 2001). Unfortunately, the order suffers a more fundamental defect; it does not resolve the issues presented by Discount in its lawsuit. Consequently, we are compelled to dismiss the appeal and remand for further proceedings.
Section 791.02(1), Florida Statutes (2004), prohibits all fireworks sales except as otherwise allowed in chapter 791. Sections 791.04 and 791.07 list the numerous categories of permitted sales and uses of fireworks.[1] The County’s Ordinance Number 2003-096 regulates, at the county level, fireworks sales otherwise addressed in chapter 791. Among other things, the ordinance requires sellers in the County to maintain records of all sales, including documentation to verify a buyer’s exemption from chapter 791’s general prohibition of fireworks sales. Sarasota County, Fla., Ordinance 2003-096 § 4(4). Additionally, the ordinance authorizes the County to issue permits to sellers. Id. at § 5(1). It *435 also directs law enforcement officials to stop sales at any business or location that is selling fireworks without the necessary permits. Id. at § 2(3). The County may suspend a permit issued under the ordinance if the seller is convicted of two violations of chapter 791 within twelve months. Id. at § 2(4). Apparently, at all relevant times, the County had not implemented a process to issue permits to fireworks sellers.
Discount was registered as a fireworks seller with the Division of the State Fire Marshal. See § 791.015. Discount tried to obtain a County permit in November 2003, promptly after the enactment of the ordinance. Permits were unavailable. On or about New Year’s Eve in 2003, County officials advised Discount that the County would begin enforcing the ordinance. By June 2004, however, Discount remained unable to obtain a seller’s permit; the County had yet to prepare the necessary forms. Law enforcement authorities also had arrested Discount employees for failing to obtain buyer verification for all fireworks sales.
Discount filed a two-count complaint in the trial court. In count one, Discount sought a declaratory judgment, attacking the ordinance on several fronts. More specifically, Discount sought a declaration in its favor as to (1) whether Discount and its employees could be prosecuted for selling fireworks without a nonexistent permit; (2) whether the ordinance required verification for sales intended for ceremonial purposes, sporting events, or agricultural and aquacultural uses; and (3) whether a permit could be suspended without a hearing. In count two, Discount sought an injunction consistent with the declarations it sought from the trial court.
In granting the County’s summary judgment motion, the trial court ruled that our decision in Phantom of Clearwater, Inc. v. Pinellas County, 894 So.2d 1011 (Fla. 2d DCA 2005), was “controlling and determinative on the issues raised in the Complaint.” Discount, however, raised specific challenges to the application of the ordinance to its sales operations. Phantom addressed the limited issue of whether chapter 791 preempted a Pinellas County fireworks ordinance that is virtually identical to the ordinance challenged by Discount.[2] We specifically noted in Phantom that the case presented no challenge to the application of the ordinance to any specific facts or challenge that the ordinance violated a constitutional or statutory provision. 894 So.2d at 1015. Consequently, Phantom is of limited relevance to the proceedings below and provides no basis for the grant of a summary judgment.
The Declaratory Judgment Act allows a party to invoke trial court jurisdiction “to declare rights, status, and other equitable or legal relations” among parties. § 86.011, Fla. Stat. (2004). In this case, the trial court’s order did no such thing. “[I]t is apparent that, to bring the judicial labors to a conclusion, a judgment with respect to the [issues raised in the complaint for declaratory relief] remains to be made.” See Tom Davis of Fla., Inc. v. The Trails, Inc., 577 So.2d 601, 602 (Fla. 5th DCA 1991); see also Appel v. Scott, 479 So.2d 800, 802-03 (Fla. 2d DCA 1985). We dismiss the appeal and remand for further proceedings that, we trust, will result in a final trial court decision addressing the specific challenges to the ordinance raised by Discount.
Dismissed and remanded.
DAVIS and WALLACE, JJ., Concur.

. Permitted uses include supervised public display, railroad or other transportation signaling or illumination, industrial use such as quarrying or blasting, blank cartridges for theatrical shows, sporting events, military use, and agricultural or aquacultural use in frightening birds. §§ 791.02, 791.04, 791.07.

. Discount did not challenge the ordinance on preemption grounds.