32 So.3d 65 (2009)
POLK COUNTY BUILDERS ASSOCIATION, INC., on behalf of its members and all Homebuilders and Homeowners of Polk County, Hickman Homes, Inc., Tyler Homes of Polk County, Inc., and Florida Homebuilders Association, Inc., Appellants,
v.
POLK COUNTY, Florida, Appellee.
No. 2D08-1998.
District Court of Appeal of Florida, Second District.
February 27, 2009.
Amy Brigham Boulris and John W. Little, III, of Brigham Moore, LLP, West Palm Beach, for Appellants.
Gregory T. Stewart, Harry F. Chiles, and Carly J. Schrader of Nabors, Giblin & Nickerson, P.A., Tallahassee, and Michael S. Craig, Polk County Attorney, and Linda L. McKinley, Deputy County Attorney, Bartow, for Appellee.
DAVIS, Judge.
Appellants, Polk County Builders Association, Inc.; Hickman Homes, Inc.; Tyler Homes of Polk County, Inc.; and Florida Homebuilders Association, Inc., challenge the constitutionality of Polk County Ordinance 05-48 by arguing that article IX, section 1(a) of the Florida Constitution expressly preempts Polk County from participating in funding the voter-approved ballot initiative to reduce class size. After a review of the language of article IX, section 1(a), we find that it fails to meet the test for express preemption. "Express preemption requires a specific legislative statement; it cannot be implied or inferred." *66 Browning v. Sarasota Alliance for Fair Elections, Inc., 968 So.2d 637, 644 (Fla. 2d DCA 2007) (citing City of Hollywood v. Mulligan, 934 So.2d 1238, 1243 (Fla.2006); Phantom of Clearwater, Inc. v. Pinellas County, 894 So.2d 1011, 1018 (Fla. 2d DCA 2005)).
Accordingly, we affirm the trial court's order granting Polk County's motion for summary judgment and the subsequent final judgment entered in favor of Polk County.
Affirmed.
KELLY, J., Concurs.
VILLANTI, J., Concurs with opinion.
VILLANTI, Judge, Concurring.
I fully concur in the majority opinion. I only write to add that, in my view, even if the Appellants had not specifically waived any argument regarding implied or conflict preemption, the undisputed facts would also support an affirmance on those grounds. First, there is nothing in the Class Size Amendment or elsewhere in Florida law that demonstrates a pervasive legislative scheme and a strong public policy reason for precluding local government actionthe necessary prerequisites for implied preemption. Browning, 968 So.2d at 645. Unlike the field of vote verification at issue in Browning, an area traditionally regulated only by the State, the field of educational funding is traditionally provided for by local governments, as individual counties have varying needs. Certainly, there is no public policy rationale that requires funding consistency from one county to another so as to potentially preclude a local government's ability to meet its own educational needs.
Second, the local funding ordinance does not conflict with the Class Size Amendment but rather complements it. See id. at 649 ("The test for conflict is whether `in order to comply with one provision, a violation of the other is required.'" (quoting Phantom, 894 So.2d at 1020)). Although Polk County must meet the Amendment's class size mandate, it is also free to exceed this expectation. Had we agreed with the Appellants, then the Amendment would serve to hamper Polk County's ability to definitively meet or exceed this goal by providing supplementary funding. Cf. id. at 653 ("Local legislation that `supplements a statute's restriction of rights may coexist with that statute, whereas an ordinance which countermands rights provided by statute must fail.'" (quoting City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1070 (Fla. 3d DCA 1981) (citations omitted))).
In fact, as history in this instance clearly confirms, Polk County Commissioners indubitably exercised their broad home rule powers wisely. But for the Commissioners' head start solution, and in view of current endemic budgetary shortfalls, compliance with the Amendment's 2010 deadline might otherwise become problematic. See, e.g., St. Johns County v. Ne. Fla. Builders Ass'n, 583 So.2d 635, 642 (Fla. 1991) (holding that section 125.01(1), Florida Statutes (1989), is to be liberally construed in order to secure for counties the broad exercise of their home rule powers).