PARIENTE, J.,
concurring.
I concur because the majority opinion is narrowly written to find only one portion of the City of Miami Civilian Investigative Panel (CIP) ordinance preempted by the Legislature through the Police Officers’ Bill of Rights (PBR) (§§ 112.531-.535, Fla. Stat. (2008)).[10] Indeed, Justice Lewis, writing for the majority, emphasizes the importance of the Municipal Home Rule Powers Act (§ 166.021, Fla. Stat. (2008)) and the general rule that legislative preemption should be express. Majority op. at 420-21; see art. VIII, § 2(b), Fla. Const. I write separately. to reiterate that courts should narrowly approach concluding that a municipal ordinance is unconstitutional based on implied legislative preemption and to urge the Legislature to make its preemptive intent clear.
Unquestionably, article VIII, section 2(b), of the Florida Constitution grants municipalities broad powers to govern “except as otherwise provided by law.” The “law” enacted by the Legislature recognizes the wide latitude granted to municipalities to enact ordinances pursuant to the Home Rule Powers Act and recognizes that the municipality has the power to act except with respect to “[a]ny subject expressly preempted to state or county government by the constitution or by general law.” § 166.021(3)(c), Fla. Stat. (2008) (emphasis added);[11] see majority op. at 420. If the Legislature intended to preempt the entire field of investigation into potential police misconduct, the preferable course— which appears to have been explicitly recognized by the Legislature, through its enactment of the Home Rule Powers Act — is that the Legislature should expressly indicate such intent.
As I previously explained, with the Home Rule Powers Act, the Legislature “intended for municipal governments to have the power to enact local legislation on the same subjects and to the same extent as the state government, except in narrow circumstances where the Legislature has preempted a specific area of law to the state or where the local law conflicts with state law.” Masone v. City of Aventura, 147 So.3d 492, 503 (Fla. 2014) (Pariente, J., dissenting). Thus, I adhere to my view that our recent jurisprudence “unnecessarily broadens the Court’s interpretation of legislative preemption, while, at the same time, limiting the home rule authority granted to municipal governments by the Florida Constitution.” Id. at 499 (Pariente, J., dissenting).
Although the Home Rule Powers Act would appear to require a specific statement by the Legislature indicating its intent to preempt local regulation in a certain field, this Court has determined that preemption also occurs where it is clear that the Legislature has preempted the field or topic through statutes. See majority op. at 420-21. While express preemption *429 is preferred because it ensures that municipalities have clear direction on any subject matter where they are prohibited from legislating, the Court has also recognized that a municipal ordinance conflicting with the Legislature’s clear regulation of a topic or field is prohibited. As this Court unanimously held in 2006:
In Florida, a municipality is given broad authority to enact ordinances under its municipal home rule powers. Art. VIII, § 2(b), Fla. Const.; § 166.021(1), (3)(c), (4), Fla. Stat. (1999). Under its broad home rule powers, a municipality may legislate concurrently with the Legislature on any subject which has not been expressly preempted to the State. Wyche v. State, 619 So.2d 231, 237-38 (Fla. 1993) (citing City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1069 (Fla. 3d DCA 1981)); see also Barragan v. City of Miami, 545 So.2d 252, 254 (Fla. 1989) (stating that the municipal home rule powers act “limits cities from legislating on any subject expressly preempted to state government by general law”). “Preemption essentially takes a topic or a field in which local government might otherwise establish appropriate local laws and reserves that topic for regulation exclusively by the legislature.” Phantom of Clearwater, Inc. v. Pinellas County, 894 So.2d 1011, 1018 (Fla. 2d DCA 2005). “Express pre-emption requires a specific statement; the preemption cannot be made by implication nor by inference.” Fla. League of Cities, Inc. v. Dep’t of Ins. & Treasurer, 540 So.2d 850, 856 (Fla. 1st DCA 1989) (quoting Bd. of Trs. v. Dulje, 453 So.2d 177, 178 (Fla. 2d DCA 1984)); see also Phantom of Clearwater, Inc., 894 So.2d at 1018 (“Express preemption ... must be accomplished by clear language stating that intent.”); Edwards v. State, 422 So.2d 84, 85 (Fla. 2d DCA 1982) (“An ‘express’ reference is one which is distinctly stated and not left to inference.”). However, “[t]he preemption need not be explicit so long as it is clear that the legislature has clearly preempted local regulation of the subject.” Barragan, 545 So.2d at 254 (citing Tribune Co. v. Cannella, 458 So.2d 1075 (Fla. 1984)).
City of Hollywood v. Mulligan, 934 So.2d 1238, 1243 (Fla. 2006) (footnote omitted). Following the standard from Mulligan, the Third District determined that “the PBR does not purport to expressly preempt other investigative bodies or means of oversight” and therefore concluded that the CIP is not preempted by the PBR. D’Agastino v. City of Miami, 189 So.3d 236, 240, 243 (Fla. 3d DCA 2016).
Despite this Court’s long-standing recognition of preemption by implication, it is clear to me that implied preemption should be construed narrowly to comport with the Home Rule Powers Act and the Florida Constitution. The test “is not whether the Legislature has expressly authorized municipal power, but whether such power has been expressly prohibited.” City of Palm Bay v. Wells Fargo Bank, N.A., 114 So.3d. 924, 929-30 (Fla. 2013) (Perry, J., dissenting); see City of Ocala v. Nye, 608 So.2d 15, 17 (Fla. 1992). Thus, as the majority recognizes, courts should be “careful in imputing an intent on behalf of the Legislature to preclude a local elected governing body from exercising its home rule powers.” Tallahassee Mem’l Reg'l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc., 681 So.2d 826, 831 (Fla. 1st DCA 1996); see majority op. at 421.
We should primarily rely on the Legislature to express its preemptive intent, when applicable, as it has in various contexts since enacting the Home Rule Powers Act in 1973. See, e.g., § 24.122(3), Fla. Stat. (2016) (preempting matters related to the state lottery); § 320.8249(11) (preempting regulation of mobile home installers and *430 installation); ■§ 386.209. (preempting regulation- of smoking). Indeed, after this Court’s' decision in, Masone regarding the use of red light cameras, the Legislature enacted comprehensive legislation that included an express statement of preemption, See § 316.0076 (“Regulation of the use of cameras for enforcing the provisions of this chapter is expressly-preempted to the state”).
Therefore, in this case,- I agree that “compelled interrogation of police officers in investigations that could lead to their discipline is preempted by the PBR.” Majority op. at 426. However, I continue to urge courts to take an extremely narrow approach before concluding that a municipal ordinance is, unconstitutional based on implied legislative preemption, by giving due consideration to the broad grant of authority to municipalities set forth in' article VIII, section 2(b), of the Florida Constitution and the extremely narrow exception to Home Rule Powers Act set forth by statute. The best solution would be for the Legislature to include an express statement of preemption when it, in fact, intends to preempt municipal action. -

. I also recognize, as does the amicus in support of the City of Miami and its CIP, the importance of the CIP to promote transparency and trust in the justice system, which is an entirely different purpose than the legislative scheme for uniformity in police internal investigations to protect the rights of our law enforcement officers.

. The current version of this statute is the same. See § 166.021(3)(c), Fla. Stat. (2016).