292 So.2d 378 (1974)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
ACME SPECIALTY CORPORATION, a Foreign Corporation, Appellee.
No. 73-897.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Stuart Simon, County Atty., and Steven Lee, Asst. County Atty., for appellant.
Ullman, Kimler & Entin, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
BARKDULL, Chief Judge.
By this appeal, the County questions the correctness of a final judgment holding null and void those portions of a County ordinance banning the sale of "sparklers". Section 791.01, Fla. Stat.,[1] F.S.A., defining fireworks, has a specific exemption as to sparklers and provides in part that they may be offered for sale.
The Supreme Court of Florida has recently had occasion to review the propriety of a municipality attempting to enact an ordinance prohibiting activities authorized by a general State statute. Rinzler v. Carson, Fla. 1972, 262 So.2d 661. Examining the ordinance under attack in light of the cited statute, the sale of sparklers having been specifically approved by the Legislature of this State, we believe the trial court was correct in the final judgment declaring so much of the County's fireworks ordinance[2] which prohibits such sale to be unconstitutional.
Therefore, the final judgment here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] "791.01 Fireworks defined

* * * * *
"(2) The term `fireworks' shall not include sparklers, toy pistols, toy canes, toy guns, or other devices in which paper caps containing twenty-five hundredths grains or less of explosive compound are used, providing they are so constructed that the hand cannot come in contact with the cap when in place for the explosion, and toy pistol paper caps which contain less than twenty hundredths grains of explosive mixture, the sale and use of which shall be permitted at all times."
[2] County ordinances under Home Rule Charter are to be treated the same as municipal ordinances. See: Applied Research Laboratories of Florida, Inc. v. Homer, Fla.App. 1971, 249 So.2d 732; Delano v. Dade County, Fla. 1973, 287 So.2d 288.