292 So.2d 379 (1974)
ACME SPECIALTY CORPORATION, a Foreign Corporation, Appellant,
v.
CITY OF MIAMI, a Municipal Corporation, Appellee.
No. 73-938.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Ullman, Kimler & Entin, Miami, for appellant.
John S. Lloyd, City Atty., and S.R. Sterbenz, Asst. City Atty., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
BARKDULL, Chief Judge.
This case was argued as a companion to Dade County v. Acme Specialty Corporation, Fla.App., 292 So.2d 378, and involves the validity of a City of Miami ordinance banning the sale of fireworks within that municipality.
The instant litigation was commenced subsequent to the Supreme Court's opinion in Rinzler v. Carson, Fla. 1972, 262 So.2d 661, the appellant contending that it was specifically authorized to sell sparklers by the provisions of § 791.01, Fla. Stat., F.S.A., and that the City, by ordinance, could not limit these sales. The City responded that these identical parties had been in previous litigation in 1958, involving the same statutes wherein the City's right, pursuant to § 168.10, Fla. Stat., F.S.A., to prohibit the sale of fireworks was affirmed, resulting in prohibiting the appellant from selling fireworks at that time. Therefore, the *380 City contended the appellant was estopped to maintain its right to do so at the present time. The earlier case is cited as Acme Specialties Corporation v. City of Miami, Fla.App. 1959, 110 So.2d 18. This case resulted in a per curiam affirmance without opinion by this court, with a strong dissent. Certiorari was denied by the Supreme Court, and the appellant refrained from selling within the City.
Thereafter, subsequent to the ruling in Rinzler v. Carson, supra, by the Supreme Court of Florida, the appellant instituted the instant action in the trial court by a new suit, attempting to be relieved from the prohibitory features of the same ordinance which was involved in the earlier litigation. As indicated, it was unsuccessful upon the plea of res judicata.
We first note that the earlier case, resulting in an order upholding the ordinance and thereby prohibiting the sale of sparklers within the city limits of the City of Miami, became a judgment of this court upon the entry of the mandate of this court, which was not subject to interference without the specific permission of this court. Eisenburg v. Cornblum, 156 Fla. 702, 24 So.2d 236; Fairfax Broadcasting Company v. Florida Airmotive, Inc., Fla.App. 1971, 252 So.2d 854; Lesperance v. Lesperance, Fla.App. 1971, 257 So.2d 66. We have concluded that the law should be on this subject matter, as pronounced in Dade County v. Acme Specialty Corporation, Fla.App. 1974, 292 So.2d 378, and, if necessary recede from the earlier opinion reported in Acme Specialties Corporation v. City of Miami, Fla.App. 1959, 110 So.2d 18. As noted before, this was a per curiam opinion with no reasons or authorities given and, although this may be sufficient to support a plea of res judicata as between the original parties, such per curiam affirmance opinion does not stand for any general pronouncement of principles of law that might have been urged by the parties in their pleadings and briefs.[1] Further, it appears that the Supreme Court, in the recent case of Rinzler v. Carson, supra, has clearly stated that the law in this State today is that a municipality may not prohibit that which is specifically authorized by a general State statute. Therefore, it would appear that the appellant would have a good ground to believe that it should be relieved of the prohibitory impact of the 1958 decree, which subsequently became a judgment of this court by virtue of the appellate proceedings.
However, although not raised by the appellee, we find that the independent action taken by the appellant as plaintiff in *381 the trial court, which had the effect of attempting to be relieved of the prior decision and thereby the mandate of this court, was unauthorized. Therefore, we affirm the final judgment for the reason that the relief sought by the appellant as plaintiff in the independent suit was not the proper way to attack the prior judgment. This affirmance, however, shall be without prejudice to the appellant filing such pleadings as it deems necessary to reopen the original case and seek relief from the prohibitory features of that final decree, and it shall not be necessary for Acme Specialty Corporation to seek any further permission of this court to do such or to file copies of what it intends to present to the trial court in an attempt to be relieved of the earlier injunction and the mandate of this court.
Affirmed without prejudice.
NOTES
[1] Compare Newmons v. Lake Worth Drainage District, Fla. 1956, 87 So.2d 49, wherein the following is found in part:

* * * * *
"* * * The attribute of a per curiam, when the `question presented is so clear that it is not considered necessary to elaborate it by extended discussion,' may imply a variety of connotations. * * * It may be employed to dispose of cases in which anything written on the points raised would add nothing to the law. In fine, there is no limit to the grounds that may prompt a per curiam opinion."
* * * * *
Schooley v. Judd, Fla.App. 1963, 149 So.2d 587, wherein the following is found in part:
* * * * *
"In rendering the decree for the plaintiff, the chancellor stated that he relied on the per curiam decision of Hoffman v. Drennen, Fla. 1956, 88 So.2d 624. This was a decision without opinion affirming a decree. We are of the view that such a decision does not establish any point of law; and there is no presumption that the affirmance was on the merits."
* * * * *
(This opinion was reversed on other grounds, without comment. See: Judd v. Schooley, Fla. 1963, 158 So.2d 514.)
Foley v. Weaver Drugs, Inc., Fla. 1965, 177 So.2d 221, wherein the following is found in part:
* * * * *
"Nor can we escape that in common parlance, an affirmance without opinion of a trial court by a district court is generally deemed to be an approval of the judgment of the trial court, and becomes a precedent, certainly, in the trial court rendering the judgment."
* * * * *