QUESTIONS: 1. Are municipalities required under s. 115.07, F.S., to pay employees their full salary during periods of military leave, or are they only required to reimburse the difference between municipal salary and military pay? 2. Are municipalities preempted from adopting policies in regard to military leave which are inconsistent with s. 115.07, F.S.?
SUMMARY: Pending judicial clarification, municipalities should not adopt a policy inconsistent with s. 115.07, F.S., which requires that municipal employees be paid their full municipal salary while on military leave. AS TO QUESTION 1: Your first question was directly and completely answered by one of my predecessors in office in AGO 053-322, December 7, 1953, Biennial Report of the Attorney General, 1953-1954, p. 124. That opinion concluded that the statute requires the payment of full municipal salary, regardless of any pay received from the military. Since that opinion was rendered, the statute has not been amended, nor have any contrary views been expressed by this office or any court. Therefore, I would hesitate to recede from the interpretation of the statute expressed in that opinion, even if inclined to do so. AS TO QUESTION 2: With respect to your second question, the state legislature in 1973 enacted the Municipal Home Rule Powers Act, Ch. 166, F.S., which grants broad home rule powers to municipalities to enact legislation upon any subject, with certain specified exceptions, upon which the state legislature may act. Section 166.021. One of the specified exceptions, in which area a municipality may not act, is "[a]ny subject expressly preempted to state or county government by the constitution or general law," s. 166.021(3)(c). (Emphasis supplied.) The question of whether a specific legislative authorization is an express preemption within the purview of the foregoing provision has not been decided by any Florida appellate court or by this office. However, it might be noted that a recent judicial decision in this state, relating to the general subject of conflicts between state law and municipal ordinances, continued to follow the traditional rule that "a municipality may not prohibit that which is specifically authorized by a general State statute." See Acme Specialty Corporation v. City of Miami, 292 So.2d 379, 380 (3 D.C.A. Fla., 1974), in which Ch. 166, F.S., was not construed. Consistent with such decision, the municipality in question could not prohibit the payment of full municipal salary of municipal employees on military leave, which payment is authorized by state law. Thus, there appears to be at least a potential conflict between the judicially adopted traditional rule and the legislative grant of municipal power in the Municipal Home Rule Powers Act.
In any event, the constitutionality of s. 166.021, supra, is in issue before the Florida Supreme Court, thereby precluding a definitive ruling here with regard to the mandate of that provision. Pending a resolution of this problem, and other matters relating to municipal home rule which may be clarified in the forthcoming decision of the Florida Supreme Court, I am compelled to the practical position that, in accordance with AGO 053-332, supra, full municipal salaries should continue to be paid pursuant to s. 115.07, supra, to municipal employees on military leave.