QUESTION:
May a municipality require its employees on full-time pay status who serve as jurors to remit the juror fees to the municipality?
SUMMARY:
A municipality may not require its employees to remit to the municipality and juror fees or mileage allowances received or resulting from their services as jurors; however, a municipality, pursuant to its home rule powers, may determine whether a municipal employee may take administrative leave with pay when summoned to serve as a member of a juror panel.
Your question is answered in the negative.
The method and procedure for the selection, qualification, and payment of jurors is set forth in Ch. 40, F. S. Specifically, s.40.24, as amended by Ch. 77-431, Laws of Florida, provides for the compensation of jurors:
 Grand and petit jurors of the regular panel and jurors summoned to complete a jury after the regular panel is exhausted in all the courts of the state, as well as jurors summoned upon inquest of the dead, shall receive for each day of active attendance upon the court or inquest $10. Jurors summoned to complete a panel after the regular panel is exhausted and who are not accepted and not required to serve on the jury shall receive compensation of $10 per day, and a fractional part of a day shall be counted as a day. In addition to the compensation above provided, all jurors shall receive 14 cents per mile for every mile necessarily traveled each day in going to and returning from court by the nearest practicable route. Jurors who attend on any of the days of the term when the presiding judge is absent or, being present, does not hold the session of the court shall be entitled to receive the same compensation as if the court were in session. A juror who elects to be on call as provided in s. 40.231 shall receive the compensation provided in this section for only those days such juror actually attends court and not for those days he remains on call. Any juror who is excused from serving on any jury at his own request shall not be entitled to receive any compensation either for travel or for attendance upon the court.
Your question specifically addresses the situation in which an individual serves as a juror at the same time he or she is being compensated by the city as a full-time municipal employee.
Under the broad home rule powers granted to municipalities by Ch. 166, F. S., the Municipal Home Rule Powers Act, a municipality may enact legislation on any subject upon which the State Legislature may act unless expressly prohibited or preempted to state or county government by the Constitution, general or special law, or county charter. Section 166.021. Section 40.24, F. S. 1977, clearly requires that all individuals serving as jurors receive the juror fees and mileage expenses (paid from state funds) specified in that statute. The question of whether a specific legislative authorization or requirement such as s. 40.24
constitutes an express preemption for the purposes of Ch. 166 does not appear to have been considered by the courts of this state; however, previous opinions of this office have indicated that a municipality may not supplant the scheme provided for by a state statute which has uniform statewide application and which does not authorize a local alternative to its application. See AGO 077-108, concluding that a police officer who appears as a witness of duty during a time not compensated as a part of his normal duties may receive and retain the daily witness pay authorized by s. 90.14, F. S., irrespective of any local scheme providing additional compensation for the officer and, hence, the affected municipality could not require such officer to remit such fees or pay to the city in return for overtime pay received; AGO 074-189, concluding that municipalities should not adopt a policy inconsistent with s.115.07, F. S., which requires that municipal employees be paid their full municipal salary while on military leave, regardless of any pay received from the military. See also Acme Specialty Corporation v. City of Miami, 292 So.2d 379, 380 (3 D.C.A. Fla., 1974), in which the court, although not specifically construing Ch. 166, stated that `a municipality may not prohibit that which is specifically authorized by a general state statute.'
Therefore, your own procedures for paying a city employee wages while he or she is also serving as a juror are independent of and may not supplant the scheme provided for by s. 40.24, F. S. 1977. Accordingly, I am of the opinion that a city employee duly called and serving as a juror is entitled to receive the prescribed juror pay and mileage allowance regardless of any locally devised compensation scheme, and a municipality may not require its employees to remit to the municipality any juror fees or mileage allowances received or resulting from their service as jurors. Cf. Rule 22A-8.13(1)(a) F.A.C., which states, in pertinent part, that a state employee `who is summoned as a member of a juror panel shall be granted administrative leave with pay, and any jury fees shall be retained by the employee.' It should be noted, however, there appears to be no prohibition against a municipality providing additional compensation when a municipal employee serves as a juror. Cf. AGO 076-212, concluding that, while the Legislature has required a certain prescribed munimum wage be paid on public work projects, it has not expressly prohibited municipalities, pursuant to their home rule powers, from adding to this minimum requirement if local conditions and the purpose of the law are best served by this action. Thus, it is within the discretion of the municipality to determine whether a municipal employee may take administrative leave with pay when summoned to serve as a member of a juror panel.
Prepared by: Joslyn Wilson Assistant Attorney General