966 So.2d 423 (2007)
PHANTOM OF BREVARD, INC., Appellant,
v.
BREVARD COUNTY, Appellee.
No. 5D06-3408.
District Court of Appeal of Florida, Fifth District.
August 31, 2007.
Rehearing Denied October 18, 2007.
*424 Mark D. Shuman, of GrayRobinson, P.A., Melbourne, for Appellant.
Scott L. Knox, of Office of the County Attorney, Viera, for Appellee.
*425 GRAHAM, R., Associate Judge.
The appellant, Phantom of Brevard, Inc., appeals from a final summary judgment entered in favor of Brevard County in this declaratory judgment action. We affirm in part, reverse in part, and remand.
In the court below, Phantom sought a judgment declaring Brevard County Ordinance 05-60, as amended by Brevard County Ordinance 06-18, to be unconstitutional. Among other things, Ordinance 05-60 regulates the supply, sale, and use of fireworks and sparklers; imposes record-keeping requirements on retailers; and establishes application and permitting processes to regulate any public display of fireworks within the county. On appeal, Phantom contends, as it did below, that fireworks regulation has been preempted to the state. Chapter 791, Florida Statutes, governs the manufacture, distribution, storage, sale and use of fireworks. Chapter 791 also provides definitions to distinguish between lawful "sparklers" and unlawful "fireworks," authorizes the state fire marshal to approve specific sparklers for use, and sets out exemptions for specific groups of fireworks users. Moreover, chapter 791 contemplates that local governments will issue fireworks-related permits and enforce state laws and rules:
This chapter shall be applied uniformly throughout the state. Enforcement of this chapter shall remain with local law enforcement departments and officials charged with the enforcement of the laws of the state.
§ 791.001, Fla. Stat. (2006).
The outdoor display of fireworks in this state shall be governed by the National Fire Protection Association (NFPA) 1123, Code for Fireworks Display, 1995 Edition, approved by the American National Standards Institute. Any state, county, or municipal law, rule, or ordinance may provide for more stringent regulations for the outdoor display of fireworks, but in no event may any such law, rule, or ordinance provide for less stringent regulations for the outdoor display of fireworks.
§ 791.012, Fla. Stat. (2006).
Except as hereinafter provided it is unlawful for any person, firm, copartnership, or corporation to offer for sale, expose for sale, sell at retail, or use or explode any fireworks; provided that the board of county commissioners shall have power to adopt reasonable rules and regulations for the granting of permits for supervised public display of fireworks by fair associations, amusement parks, and other organizations or groups of individuals when such public display is to take place outside of any municipality; provided, further, that the governing body of any municipality shall have power to adopt reasonable rules and regulations for the granting of permits for supervised public display of fireworks within the boundaries of any municipality.
§ 791.02, Fla. Stat. (2006).
The board of county commissioners shall require a bond deemed adequate by the board of county commissioners from the licensee in a sum not less than $500 conditioned for the payment of all damages which may be caused either to a person or to property by reason of the licensee's display, and arising from any acts of the licensee, his or her agents, employees or subcontractors.
§ 791.03, Fla. Stat. (2006).
Each sheriff, or his or her appointee, or any other police officer, shall seize, take, remove or cause to be removed at the expense of the owner, all stocks of fireworks or combustibles offered or exposed *426 for sale, stored, or held in violation of this chapter.
§ 791.05, Fla. Stat. (2006).
In Phantom of Clearwater, Inc. v. Pinellas County, 894 So.2d 1011 (Fla. 2d DCA 2005), the second district court addressed whether chapter 791 preempted a Pinellas County fireworks ordinance that is similar to the Brevard County ordinance that Phantom challenges in this case. After comprehensively examining the Pinellas ordinance and chapter 791, the court held that chapter 791 does not expressly or impliedly preempt the field of fireworks regulation. 894 So.2d at 1018-20. The court found "no pervasive scheme of regulation and no strong public policy reason that would prevent a local government from enacting ordinances in this area so long as they do not directly conflict with the provisions of chapter 791." Id. at 1020. The court determined that the sections of the Pinellas ordinance regarding storage and sale of sparklers, creation and maintenance of business records, and the permitting process required of sellers (and wholesalers in particular) do not directly conflict with the corresponding provisions of chapter 791. Id. at 1022-23. The court identified one penalty in the Pinellas ordinance that conflicted with state law, held that it was severable from the ordinance, and reversed and remanded on this limited basis. Id. at 1021.
Brevard County Ordinance 05-60, as amended by Brevard County Ordinance 06-18, contains language that is substantially identical to the language of the Pinellas County Ordinance.[1] The Brevard ordinance, however, is different in several material respects. Section 6 of Ordinance 05-60 requires "[e]very vendor of fireworks or sparklers" to provide a receipt to each customer. Section 7 states that "[a]ny device permitted by this ordinance shall have printed in English on the label or container thereof the total weight of combustible substance, the name of the chemical composition and a brief statement describing its action when ignited." Section 8 purports to impose strict liability "upon vendors, distributors and manufacturers" of fireworks and sparklers, which "shall be deemed ultra-hazardous and dangerous products." Section 12 sets forth application requirements and the permit process that a sponsor of a public display of fireworks must follow. Section 13 prohibits the use, storage or explosion of fireworks unless:
(a) The person or entity first obtains an appropriate county permit for the public display of fireworks or pyrotechnics in accordance with this ordinance; or
(b) The use is by a railroad or other transportation agency for illumination or signal purposes or the use is associated with quarrying, blasting, or another industrial purpose in accordance with F.S. Section 791.04; or
(3) [sic] The use [is] in conjunction with a bona fide agricultural use, as provided in F.S. Section 791.07 and the applicable provision of the Florida Administrative Code.
Finally, Ordinance 06-18 defines the "ceremonial" use of fireworks, for which a statutory exemption exists. "Ceremonial" is not defined in chapter 791.
On appeal, Phantom maintains that Brevard County Ordinance 05-60, as amended by Brevard County Ordinance 06-18, violates *427 Article VIII, Section 1(g) of the Florida Constitution, which provides that "[t]he governing body of a county operating under a charter may enact county ordinances not inconsistent with general law." Although the ordinance contains a severability clause, Phantom seeks a judicial determination that the entire ordinance is unconstitutional.
Brevard County enjoys broad constitutional authority to enact ordinances under its home rule charter. Art. VIII, § 1(g), Fla. Const. A county may legislate concurrently with the legislature on any subject that has not been preempted to the state. Tallahassee Mem'l Reg'l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc., 681 So.2d 826, 831-32 (Fla. 1st DCA 1996). "Preemption essentially takes a topic or a field in which local government might otherwise establish appropriate local laws and reserves that topic for regulation exclusively by the legislature." Phantom of Clearwater, Inc., 894 So.2d at 1018. Florida law recognizes two types of preemption: express or implied. See Santa Rosa County v. Gulf Power Co., 635 So.2d 96, 101 (Fla. 1st DCA 1994). For the legislature to expressly preempt an area, the preemption language of the statute must be specific; "express preemption cannot be implied or inferred." Hillsborough County v. Fla. Rest. Ass'n, 603 So.2d 587, 590 (Fla. 2d DCA 1992). However, "[t]he preemption need not be explicit so long as it is clear that the legislature has clearly preempted local regulation of the subject." Barragan v. City of Miami, 545 So.2d 252, 254 (Fla.1989). Hence, although implied preemption is disfavored, see Flo-Sun, Inc. v. Kirk, 783 So.2d 1029, 1035 (Fla.2001), it has been found to exist "in cases where the legislative scheme is so pervasive as to evidence an intent to preempt the particular area, and where strong public policy reasons exist for finding such an area to be preempted by the Legislature." Tallahassee Mem'l Reg'l Med. Ctr., 681 So.2d at 831 (citing Tribune Co. v. Cannella, 458 So.2d 1075 (Fla.1984); Fla. Rest. Ass'n, 603 So.2d 587 (Fla. 2d DCA 1992)).
In support of its preemption argument, Phantom points out that chapter 791 begins with a legislative directive that "[t]his chapter shall be applied uniformly throughout the state." § 791.001, Fla. Stat. (2006). The parties dispute the meaning and import of this language. In any event, the language is insufficient to support Phantom's argument that fireworks regulation is expressly preempted to the state. If the legislature intended to expressly preempt local regulation of fireworks, then the statute is inartfully drafted and ineffective.
As to implied preemption, Phantom urges this Court to consider the legislative history behind chapter 791, which the Phantom of Clearwater court did not consider. According to Phantom, the legislative history supports a conclusion that the legislature intended to preempt the field of fireworks regulation, thereby preventing local governments from enacting more stringent rules than those set forth in chapter 791. The legislative history cited by Phantom, however, does not shed any light on the central issue in this case: whether local governments retain the authority to develop rules to advance their enforcement obligations under chapter 791. Phantom does not challenge the County's position that its ordinance establishes the procedures and proof necessary to benefit from a statutory exemption, such as the use of fireworks to frighten birds from agricultural works or fish hatcheries. Nor can it be disputed that the County is obligated to inhibit illegal uses of fireworks and to allow legal uses.
*428 Neither chapter 791 nor the corresponding legislative history creates any distinct line to neatly separate enforcement from regulation. If the legislature intended to prevent local governments from regulating fireworks transactions and uses, while at the same time charging local governments with an obligation to enforce state laws, then the legislature has not made its preemptive purpose clear. Local governments, therefore, are free to exercise their lawmaking powers for the purpose of facilitating enforcement, so long as the local ordinance is "not inconsistent with general law," as prohibited by Article VIII, Section 1(g) of the Florida Constitution. Likewise, the legislature is free to amend chapter 791 to instruct local governments that fireworks regulation is preempted to the state, and the role of local government is to enforce only those rules that the state has created or may create.
For these reasons, we conclude that chapter 791 does not expressly or impliedly preempt the field of fireworks regulation. Accordingly, we affirm, in part, the Final Summary Judgment entered below. However, for the reasons expressed below, we reverse in part and remand with instructions for the circuit court to apply the severability clause of Ordinance 05-60 to invalidate Sections 8, 10 and 13 of the ordinance. In addition, the circuit court will have an opportunity on remand to determine whether Section 7 should be severed from the Ordinance.
Section 7 states that "[a]ny device permitted by this ordinance shall have printed in English on the label or container thereof the total weight of combustible substance, the name of the chemical composition and a brief statement describing its action when ignited." The provision is puzzling because, if the device in question is permitted for use, then the County has no readily apparent basis for requiring such information to be printed. On remand, the circuit court shall have an opportunity to determine whether Section 7 is valid because it facilitates the County's enforcement of fireworks law and rules, or whether it is invalid.
Section 8, which deems fireworks and sparklers to be "ultra-hazardous and dangerous products," invades the exclusive province of the state legislature and judiciary because it purports to impose strict liability upon "vendors, distributors and manufacturers" of fireworks and sparklers. On remand, the circuit court shall sever Section 8, entitled "Designation as dangerous products," from the Ordinance.
Section 10, entitled "Evidence of financial responsibility," provides:
In furtherance of the provisions of sections 8 and 9, all sellers of fireworks must keep in force an insurance policy showing general, comprehensive, liability and property damage insurance coverage on an occurrence basis with minimum limits in the policy of not less than $1,000,000.00 combined single limit coverage for each loss that may result from the activities of the sellers. Sellers must maintain Workers' Compensation coverage as required pursuant to F.S. Ch. 440. A failure to maintain this required coverage after the procurement of a permit shall be a violation of this ordinance and grounds for suspension of their permit from the authority and the sale of the permitted goods shall cease until such time as the required insurance is obtained.
Upon considering substantially similar language in the Pinellas County ordinance, the Phantom of Clearwater court determined that a county may, as part of its permitting process, demand proof of the seller's ability to respond in damages. 894 So.2d at 1023. We disagree. Brevard *429 County's financial responsibility ordinance is in direct conflict with section 791.001, Florida Statutes, which provides that chapter 791 "shall be applied uniformly throughout the state." Because chapter 791 does not contain any financial responsibility standard or requirement, retailers and other supply-side entities are subject to potentially disparate obligations throughout the state. Although the legislature has provided counties with considerable discretion to determine the amount of a bond required of a fireworks display licensee under section 791.03, there is no reason to believe that the legislature would have countenanced a system in which a seller of fireworks or sparklers must maintain a particular amount of liability insurance simply because one of the counties in which it does business requires such coverage. On remand, therefore, the circuit court shall sever Section 10, entitled "Evidence of financial responsibility," from the Ordinance. Sellers must continue to comply with the state's workers' compensation code.
Section 13 of the Ordinance violates Article VIII, Section 1(g) of the Florida Constitution, which prohibits local ordinances that are inconsistent with general law. Because it fails to account for permissible uses of fireworks, including ceremonial and military uses, Section 13 is an incomplete statement of Florida law, and is therefore inconsistent with the provisions of chapter 791. On remand, the circuit court shall sever Section 13, entitled "Use of fireworks," from the Ordinance.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] Through Ordinance 06-18, the Board of County Commissioners of Brevard County amended Ordinance 05-60 to, among other things, remove the penalty language which the Phantom of Clearwater court determined was in direct conflict with the provisions of chapter 791.