CANADY, J.
 

 Phantom of Brevard, Inc. and Brevard County seek review of the decision of the Fifth District Court of Appeal in
 
 Phantom of Brevard, Inc. v. Brevard County,
 
 966 So.2d 423 (Fla. 5th DCA 2007), on the ground that it expressly and directly conflicts with the decision of the Second District Court of Appeal in
 
 Phantom of Clearwater, Inc. v. Pinellas County,
 
 894 So.2d 1011 (Fla. 2d DCA 2005). The district courts disagree about whether substantially similar county ordinance provisions related to the regulation of fireworks conflict with chapter 791, Florida Statutes. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const. For the reasons stated below, we quash the Fifth District’s decision in
 
 Phantom of Brevard
 
 to the extent it is inconsistent with this opinion, and we approve the Second District’s decision in
 
 Phantom of Clearwater
 
 on the conflict issue.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Phantom of Brevard, Inc. (Phantom) sought a judgment declaring Brevard County, Florida, Ordinance No. 05-60 (December 6, 2005), as amended by Brevard County, Florida, Ordinance No. 06-18 (April 11, 2006), unconstitutional.
 
 Phantom of Brevard,
 
 966 So.2d at 425. The circuit court entered a final summary judgment in favor of Brevard County, concluding that it was required to follow the Second District’s decision in
 
 Phantom of Clearwater.
 
 The Second District in
 
 Phantom of Clearwater
 
 had upheld a similar Pinellas County fireworks ordinance with the exception of one sentence that Brevard County had since removed from its fireworks ordinance. Phantom appealed the circuit court’s judgment.
 

 On appeal, the Fifth District affirmed in part and reversed in part the circuit court’s judgment.
 
 Phantom of Brevard,
 
 966 So.2d at 428. First, the Fifth District held that chapter 791, Florida Statutes (2006), does not expressly preempt the regulation of fireworks.
 
 Id.
 
 at 427. Second, the Fifth District concluded that the legislative history of chapter 791 does not support implied preemption.
 
 Id.
 

 However, the Fifth District reversed in part and remanded with instructions to sever certain provisions of the ordinance that it found in conflict with chapter 791.
 
 Id.
 
 at 428. Among the provisions that the Fifth District found to be in direct conflict is section 10, entitled “Evidence of financial responsibility,” with which businesses must comply in order to receive a permit for selling fireworks and sparklers in Brevard County.
 
 See id.
 
 at 428-29. Section 10 provides:
 

 In furtherance of the provisions of sections 8 and 9, all sellers of fireworks must keep in force an insurance policy showing general, comprehensive, liabili
 
 *311
 
 ty and property damage insurance coverage on an occurrence basis with minimum limits in the policy of not less than $1,000,000.00 combined single limit coverage for each loss that may result from the activities of the sellers. Sellers must maintain Workers’ Compensation coverage as required pursuant to F.S. Ch. 440. A failure to maintain this required coverage after the procurement of a permit shall be a violation of this ordinance and grounds for suspension of their permit from the authority and the sale of the permitted goods shall cease until such time as the required insurance is obtained.
 

 Id.
 
 at 428 (quoting Ordinance No. 05-60, § 10). The Fifth District explained its reasoning and its disagreement with the Second District as follows:
 

 Upon considering substantially similar language in the Pinellas County ordinance, the
 
 Phantom of Clearwater
 
 court determined that a county may, as part of its permitting process, demand proof of the seller’s ability to respond in damages. 894 So.2d at 1023. We disagree. Brevard County’s financial responsibility ordinance is in direct conflict with section 791.001, Florida Statutes, which provides that chapter 791 “shall be applied uniformly throughout the state.” Because chapter 791 does not contain any financial responsibility standard or requirement, retailers and other supply-side entities are subject to potentially disparate obligations throughout the state. Although the legislature has provided counties with considerable discretion to determine the amount of a bond required of a fireworks display licensee under section 791.03, there is no reason to believe that the legislature would have countenanced a system in which a seller of fireworks or sparklers must maintain a particular amount of liability insurance simply because one of the counties in which it does business requires such coverage.
 

 Id.
 
 at 428-29.
 

 In contrast to the Fifth District, the Second District in
 
 Phantom of Clearwater,
 
 894 So.2d at 1023, had rejected the contention that the permitting requirement of compliance with the Pinellas County fireworks ordinance’s “Evidence of financial responsibility” provision conflicts with chapter 791.
 
 See id.
 

 [1]
 

 The Second District reasoned:
 

 Although the ordinance does establish a permitting process for all businesses involving fireworks and that process imposes additional requirements on businesses wanting to avail themselves of the benefits of doing business in Pinellas County, this permitting process does not directly conflict with the provisions of chapter 791.
 

 ... A person can comply with the requirements of the ordinance without violating chapter 791, and can comply
 
 *312
 
 with the requirements of chapter 791 without violating the ordinance.
 

 Id.
 

 Both Phantom and Brevard County sought review on the ground that the Fifth District’s decision in
 
 Phantom of Brevard
 
 is in express and direct conflict with the Second District’s decision in
 
 Phantom of Clearwater
 
 regarding whether these substantially similar “Evidence of financial responsibility” provisions conflict with chapter 791.
 
 [2]
 

 DISCUSSION
 

 We begin our analysis by summarizing chapter 791, Florida Statutes (2006), and Brevard County Ordinance 05-06, as amended by Brevard County Ordinance 06-18.
 

 Chapter 791, entitled “Sale of Fireworks,” is a relatively short chapter. It begins with section 791.001, which provides:
 

 This chapter shall be applied uniformly throughout the state. Enforcement of this chapter shall remain with local law enforcement departments and officials charged with the enforcement of the laws of the state.
 

 Then, the chapter defines various terms, including fireworks, sparklers, manufacturer, retailer, and wholesaler. In particular, “fireworks” is defined as including “any combustible or explosive composition or substance or combination of substances or, except as hereinafter provided, any article prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration, or detonation.” 791.01(4)(a), Fla. Stat. However, the term fireworks does not include snakes, party poppers, auto burglar alarms, and other expressly delineated items. § 791.01(4)(c), Fla. Stat. To be excluded from the term “fireworks,” sparklers must be tested and approved by the Division of the State Fire Marshal (Division) prior to retail sale. § 791.01(4)(b), Fla. Stat. Sparklers also must be stored in the manner described by section 791.015. And a retailer (defined by section 791.01(6) as someone engaged in selling sparklers) may not sell sparklers or other products authorized for sale by chapter 791 “unless the product was obtained from a manufacturer, distributor, or wholesaler registered with the division.” § 791.02(2), Fla. Stat.
 

 Significantly, section 791.02(1) prohibits the use and sale of items that fall within the definition of fireworks. However, there are several exceptions to this general prohibition. First, there is an exception for the use and sale of fireworks for certain public displays of fireworks.
 
 See
 
 § 791.02(1), Fla. Stat.; § 791.04, Fla. Stat. The governing bodies of counties and municipalities can adopt rules for granting permits for the public displays of fireworks by fair associations, amusement parks, or other organizations. § 791.02(1), Fla. Stat. Boards of county commissioners must require bonds from licensees in an amount not less than $500. § 791.03, Fla. Stat. Further, outdoor displays are subject to the safety standards of “the National Fire Protection Association (NFPA) 1123, Code for Fireworks Display, 1995 Edition.” § 791.012, Fla. Stat. But “[a]ny state, county, or municipal law, rule, or ordi
 
 *313
 
 nance may provide for more stringent regulations for the outdoor display of fireworks.”
 
 Id.
 
 And the Code for Fireworks Display does not govern fireworks displays on private, residential property.
 
 Id.
 

 In addition to exempting the use and sale of fireworks for certain public displays, chapter 791 exempts the wholesale of fireworks if the sales are delivered to out-of-state entities or to other manufacturers, distributors, or wholesalers. § 791.04, Fla. Stat. Moreover, chapter 791 exempts the use of fireworks for signal purposes by railroad and transportation agencies, for quarrying purposes, for blasting or industrial purposes, for show or theatre purposes (blank cartridges), “or for signal or ceremonial purposes in athletics or sports, or for use by military organizations.”
 
 Id.
 
 Chapter 791 also exempts the sale and use of fireworks for “frightening birds from agricultural works and fish hatcheries.” § 791.07, Fla. Stat. This last use “shall be governed entirely by the rules prescribed by the Department of Agriculture and Consumer Services.”
 
 Id.
 

 Brevard County’s fireworks ordinance begins with a list of definitions, including one that specifies that “[f]ireworks, sparklers, retailer, wholesaler, distributor, and manufacturer shall have the same meaning as specified in F.S. Section 791.01, as it may, from time to time, be amended.” Ordinance No. 05-60, amended by Ordinance No. 06-18, § 1(d). Additionally, the ordinance explains that it is “enacted pursuant to the Home Rule Charter of Brevard County, Florida and F.S. Chapter 791.”
 
 Id.
 
 § 2.
 

 Section 5 of the fireworks ordinance requires the Brevard County Fire Chief to “develop an affidavit which all sellers of fireworks within the county shall use to determine the entitlement of any purchaser at retail or wholesale to buy fireworks.”
 
 Id.
 
 § 5(b). A purchaser must provide the seller with documentary evidence that the purchaser is entitled to purchase fireworks.
 
 Id.
 
 § 5(c). The seller is required to maintain copies of the records required by the ordinance for a period of four years from the sale date.
 
 Id.
 
 § 5(j). And vendors must provide purchasers with receipts.
 
 Id.
 
 § 6.
 

 Section 7, which the Fifth District remanded with instructions for the circuit court to determine whether it should be severed, requires devices to have labels in English that describe the weight of the combustible substance, “the name of the chemical composition and a brief statement describing its action when ignited.” Section 8, which the Fifth District remanded for severance, designates sparklers and fireworks to be ultrahazardous and dangerous products, “subjecting the vendors, distributors and manufacturers to strict liability for any injury sustained by a purchaser or user.”
 

 Section 9(b) provides that any seller of fireworks within Brevard County must apply for and secure a permit from the Bre-vard County Fire Chief. Among other requirements, an applicant must demonstrate evidence of financial responsibility pursuant to section 10, which is quoted above and which the Fifth District remanded for severance.
 
 Id.
 
 § 9(e).
 

 Section 12 includes specific requirements for the issuance of permits for public displays of fireworks. For example, one must submit an application to the appropriate fire department at least thirty days prior to the event and must include a diagram of the grounds where the fireworks are to be discharged.
 
 Id.
 
 § 12(a)(1).
 

 Section 13, which the Fifth District remanded for severance, provides that the use, explosion, or storage of fireworks is prohibited in the county unless: (a) a coun
 
 *314
 
 ty permit for public display is obtained; (b) the use is by a railroad or transportation agency for signal purposes or the use is for quarrying, blasting, or industrial purposes; or (c) the use is for a bona fide agricultural purpose.
 

 Section 14, entitled “Penalties and enforcement,” explains that law enforcement has the authority to order the cessation of the sale of fireworks if a seller is selling fireworks without the required permits until the missing permits are obtained. This section also provides for a period of suspension of a permit for repeat offenders of the ordinance or chapter 791. Finally, Brevard County’s fireworks ordinance includes a severability clause.
 
 Id.
 
 § 15.
 

 Brevard County’s Mandatory Insurance Provision Does Not Conflict with Chapter 791
 

 Brevard County contends that section 10 of its fireworks ordinance, entitled “Evidence of financial responsibility,” does not conflict with chapter 791. We agree.
 

 Pursuant to our Constitution, chartered counties have broad powers of self-government.
 
 See
 
 art. VIII, § 1(g), Fla. Const. Indeed, under article VIII, section 1(g) of the Florida Constitution, chartered counties have the broad authority to “enact county ordinances not inconsistent with general law.”
 
 See also
 
 David G. Tucker,
 
 A Primer on Counties and Municipalities, Part I,
 
 Fla. B.J., Mar. 2007, at 49. However, there are two ways that a county ordinance can be inconsistent with state law and therefore unconstitutional. First, a county cannot legislate in a field if the subject area has been preempted to the State.
 
 See City of Hollywood v. Mulligan,
 
 934 So.2d 1238, 1243 (Fla.2006). “Preemption essentially takes a topic or a field in which local government might otherwise establish appropriate local laws and reserves that topic for regulation exclusively by the legislature.”
 
 Id.
 
 (quoting
 
 Phantom of Clearwater,
 
 894 So.2d at 1018). Second, in a field where both the State and local government can legislate concurrently, a county cannot enact an ordinance that directly conflicts with a state statute.
 
 See Tallahassee Mem’l Reg’l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc.,
 
 681 So.2d 826, 831 (Fla. 1st DCA 1996). Local “ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute.”
 
 Thomas v. State,
 
 614 So.2d 468, 470 (Fla.1993);
 
 Hillsborough County v. Fla. Rest. Ass’n,
 
 603 So.2d 587, 591 (Fla. 2d DCA 1992) (“If [a county] has enacted such an inconsistent ordinance, the ordinance must be declared null and void.”);
 
 see also Rinzler v. Carson,
 
 262 So.2d 661, 668 (Fla.1972) (“A municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden.”).
 

 There is conflict between a local ordinance and a state statute when the local ordinance cannot coexist with the state statute.
 
 See City of Hollywood,
 
 934 So.2d at 1246;
 
 see also State ex rel. Dade County v. Brautigam,
 
 224 So.2d 688, 692 (Fla.1969) (explaining that “inconsistent” as used in article VIII, section 6(f) of the Florida Constitution “means contradictory in the sense of legislative provisions which cannot coexist”). Stated otherwise, “[t]he test for conflict is whether ‘in order to comply with one provision, a violation of the other is required.’ ”
 
 Browning v. Sarasota Alliance for Fair Elections, Inc.,
 
 968 So.2d 637, 649 (Fla. 2d DCA 2007) (quoting
 
 Phantom of Clearwater,
 
 894 So.2d at 1020),
 
 review granted,
 
 No. SC07-2074 (Fla. Nov. 29, 2007).
 

 In this case, nothing in the “Evidence of financial responsibility” provision conflicts with chapter 791 because chapter
 
 *315
 
 791 does not in any way address the subject matter addressed by the “Evidence of financial responsibility” provision, namely the requirement that sellers of fireworks obtain liability insurance. Section 791.03 only provides that a county must require at least a $500 bond from licensees. Although “licensee” is not defined in chapter 791, it appears that section 791.03 “is intended to cover the persons who receive local permits for outdoor displays.”
 
 Phantom of Clearwater,
 
 894 So.2d at 1016 n. 3. Therefore, when enacting section 10 of its fireworks ordinance, the county simply chose to legislate in an area where the Legislature chose to remain silent.
 

 Specifically, when regulating businesses that sell fireworks within its borders, Bre-vard County chose to require that sellers of fireworks obtain and maintain a $1,000,000 single limit liability insurance policy. While this imposes an additional requirement on businesses that sell fireworks in Brevard County beyond the requirements imposed by chapter 791, this additional requirement does not directly conflict with any requirement, prohibition, or exemption in chapter 791. Businesses that sell fireworks in Brevard County can comply with the county’s additional insurance requirement without violating any provision of chapter 791. Thus, the “Evidence of financial responsibility” provision can coexist with chapter 791. There is no direct conflict.
 
 Cf. Dade County v. Acme Specialty Corp.,
 
 292 So.2d 378 (Fla. 3d DCA 1974) (holding that portion of county ordinance that banned the sales of sparklers was unconstitutional because it directly conflicted with section 791.01, Fla. Stat., which specifically approved the sale of sparkers).
 

 The Fifth District concluded that the “Evidence of financial responsibility” provision conflicts with section 791.001, which provides that chapter 791 is to be “applied uniformly throughout the state.” More specifically, the Fifth District found that Brevard County’s “Evidence of financial responsibility” provision will subject fireworks businesses to varying insurance coverage requirements throughout the State. However, focusing on potential differences caused by varying local requirements confuses the issue. Because chapter 791 does not include an insurance coverage standard or requirement, chapter 791 is not being applied disparately. In other words, a state statute is not being applied in a non-uniform manner when a locality enacts a regulation on a particular matter that is not addressed in the statute. The statute is being applied uniformly. It is the local ordinance that is creating any variance between counties.
 

 Brevard County’s “Evidence of financial responsibility” provision could only be hindering a uniform application of chapter 791 if chapter 791 included a standard insurance standard or requirement. But, as stated earlier, chapter 791 includes no such standard or requirement. Thus, there is no conflict.
 

 CONCLUSION
 

 Because chapter 791 is silent regarding insurance requirements for businesses that sell fireworks, Brevard County’s “Evidence of financial responsibility” provision does not conflict with chapter 791. Accordingly, we quash the Fifth District’s decision in
 
 Phantom of Brevard
 
 to the extent it is inconsistent with this opinion, and we approve the Second District’s decision in
 
 Phantom of Clearwater.
 

 It is so ordered.
 

 QUINCE, C.J., and ANSTEAD, PARIENTE, LEWIS, and POLSTON, JJ., concur. WELLS, J., recused.
 

 [2]
 

 . While Phantom's jurisdictional brief argued that this Court has jurisdiction because the district courts are in conflict regarding whether the “Evidence of financial responsibility” provisions conflicts with chapter 791, Phantom’s merits briefs did not specifically address this issue. And, during oral argument, Phantom conceded this conflict issue. However, we do not address Phantom's preemption arguments because the Fifth and Second Districts do not conflict on the issue of preemption.
 
 See Savona v. Prudential Ins. Co. of Am.,
 
 648 So.2d 705, 707 (Fla.1995).