LEWIS, J.,
concurring in part and dissenting in part.
I agree with the majority in holding that the Florida Election Code does not preempt the field of election law and also that the certified question must be answered in the negative. There is no clearly express preemption here, and the vast power vested in local authorities with regard to elections negates any basis for a determination that matters pertaining to election law have been preempted by implication.
However, I do not agree that all matters pertaining to audits inherently conflict with the election code in effect at the time. We have experienced many difficulties with elections in recent years. The claims and suggestions of equipment malfunctions undermine trust and confidence in the entire notion of democratic institutions. This process is an essential element of a democratic society and forms the essence and foundation of our constitutional structure and institutions. The importance of the accuracy of the process cannot be over *892 stated nor can the need for accountability and credibility be overlooked.
The majority and those who challenge local audit functions here search for reasons to find conflict with general law and engage in misnomers to justify a conclusion which undermines local autonomy and the need and demand for accuracy at the local level. The audit concept is not a recount nor is it designed or structured to be a recount. Audits simply address the accuracy of the function of the equipment implemented to conduct an election. The audit requires and produces spot-type checks on equipment, not recounts with regard to the vote tally for any particular office or for any particular candidate.
The majority expands the doctrine of preemption and would reach down and eliminate any local provision that may touch upon a subject that may be superficially addressed by general law. The majority reads the permissive provision of general law that the Legislature may provide for an audit as preempting the entire concept of equipment accuracy, a premise that is both incorrect and one I cannot accept. The fact that the Legislature may do something at a future date, may appropriate funds at a future date, and may enter a specific directive at some unknown future date is not in my view inconsistent with local self determination of the accuracy of the equipment implemented at the local level. Cf. Dade County v. Dade County League of Municipalities, 104 So.2d 512, 518 (Fla.1958) (declining to declare constitutionally invalid a proposed amendment to the Dade County Home Rule Charter providing that the Legislature could amend or repeal the charter of any county municipality “by special act” where the Court at that time was not presented with a special act that would affect the powers of a municipality).
Even though general law and local law may touch upon the same subject matter, local self determination is preempted and determined to be unconstitutional only when such provisions are actually inconsistent, which is defined under Florida law to be when compliance with one provision requires and operates in violation of the other. See Laborers' Int'l Union of N. Am., Local 478 v. Burroughs, 541 So.2d 1160, 1161 (Fla.1989) (“[T]he test of conflict is whether one must violate one provision in order to comply with the other.” (quoting Laborers' Int'l Union of N. Am., Local 478 v. Burroughs, 522 So.2d 852, 856 (Fla. 3d DCA 1987))). Conflict of a constitutional magnitude is present only if there is an impossibility of the coexistence of the two laws asserted to be in conflict. See Phantom of Brevard, Inc. v. Brevard County, 3 So.3d 309, 314 (Fla.2008) (“There is conflict between a local ordinance and a state statute when the local ordinance cannot coexist with the state statute.”); State ex rel. Dade County v. Brautigam, 224 So.2d 688, 692 (Fla.1969) (“The word ‘inconsistent’ as used in this provision of the constitution means contradictory in the sense of legislative provisions which cannot coexist.”).
Audits of equipment and recounts are not the same and the mere statement by the majority that they are the same does not make it so. If local citizens demand that action be taken to protect and ensure the accurate operation of voting mechanisms which are administered on the local level that may not be ordered and required by the State or other local subdivisions, there is no legal “inconsistency” with general law at that time as that concept is interpreted and applied in the constitutional context of preemption. See, e.g., Phantom of Brevard, 3 So.3d at 315 (holding local ordinance to be constitutional because dealers could comply with the ordinance without violating statutory law and “the *893 county simply chose to legislate in an area where the Legislature chose to remain silent”); Burroughs, 541 So.2d at 1161 (holding that a Dade County ordinance did not constitutionally conflict with statutory law where the county merely imposed identical antidiscrimination requirements upon a broader class of entities than the State).