IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ORANGE COUNTY, FLORIDA,

      Appellant/Cross-Appellee,

 v.

Case Nos. 5D16-2509
           5D16-2511

RICK SINGH, INDIVIDUALLY, SCOTT
RANDOLPH, INDIVIDUALLY, JERRY
DEMINGS, SHERIFF OF ORANGE
COUNTY, RICK SINGH, ORANGE
COUNTY PROPERTY APPRAISER,
SCOTT RANDOLPH, ORANGE COUNTY
TAX COLLECTOR,

      Appellees/Cross-Appellants,

BILL COWLES, ORANGE COUNTY
SUPERVISOR OF ELECTIONS AND
ORANGE COUNTY CANVASSING
BOARD,

      Appellees.

_____/

Opinion filed December 8, 2017

Appeal from the Circuit Court
for Orange County,
Keith F. White, Judge.

Jeffrey J. Newton, County Attorney, and
William C. Turner, Assistant County
Attorney, Orange County Attorney's
Office, Orlando, for Appellant/Cross-
Appellee, Orange County, Florida.

John H. Pelzer, of Greenspoon Marder, P.A., Fort Lauderdale, and Michael Marder, of Greenspoon Marder, P.A., Orlando, for Appellee/Cross-Appellant Rick Singh, Individually, and as Orange County Property Appraiser.

Gigi Rollini and Mark Herron, of Messer Caparello, P.A., Tallahassee, for Appellee/Cross-Appellant, Scott Randolph, Orange County Tax Collector, and Scott Randolph, Orlando, pro se.

Eric D. Dunlap, Assistant General Counsel, Orange County Sheriff's Office, Legal Services Section, Orlando, for Appellee/Cross-Appellant, Jerry Demings, Sheriff of Orange County.

Nicholas A. Shannin, of Shannin Law Firm, P.A., Orlando, for Appellee Bill Cowles, Orange County Supervisor of Elections.

No Appearance for Appellee Orange County Canvassing Board.

David H. Margolis, Orlando, Amicus Curiae, for the Orange County Clerk of Circuit Court.

Jason Vail, of Jolly, Peterson & Truckenbrod P.A., Tallahassee, Amicus Curiae, for the Florida Sheriffs Association.

PER CURIAM.

Orange County appeals a final judgment striking a portion of a county charter amendment that provided for the nonpartisan election of certain county constitutional officers. We affirm. The trial court properly determined that the amendment provision was contrary to state law.

2

On August 19, 2014, the Orange County Board of Commissioners enacted an ordinance proposing an amendment to the Orange County Charter to provide for term limits and nonpartisan elections for six county constitutional officers—clerk of the circuit court, comptroller, property appraiser, sheriff, supervisor of elections, and tax collector. The ordinance provided for the following ballot question to be presented for further approval:

> CHARTER AMENDMENT PROVIDING FOR TERM LIMITS AND NON-PARTISAN ELECTIONS FOR COUNTY CONSTITUTIONAL OFFICERS
>
> For the purpose of establishing term limits and non-partisan elections for the Orange County Clerk of the Circuit Court, Comptroller, Property Appraiser, Sheriff, Supervisor of Elections and Tax Collector, this amendment provides for county constitutional officers to be elected on a non-partisan basis and subject to term limits of four consecutive full 4-year terms.
>
> _____ Yes
>
> _____ No

The ballot question appeared on the November 4, 2014 ballot and was approved by the majority of Orange County voters. As a result, the relevant portions of section 703 of the Orange County Charter were amended (as underlined) to read:

> B. Except as may be specifically set forth in the Charter, the county officers referenced under Article VIII, Section 1(d) of the Florida Constitution and Chapter 72-461, Laws of Florida, shall not be governed by the Charter but instead governed by the Constitution and laws of the State of Florida. The establishment of nonpartisan elections and term limits for county constitutional officers shall in no way affect or impugn their status as independent constitutional officers, and shall in no way imply any authority by the board whatsoever over such independent constitutional officers.

C. Elections for all county constitutional offices shall be non-partisan.  No county constitutional office candidate shall be required to pay any party assessment or be required to state the party of which the candidate is a member.  All county constitutional office candidates' names shall be placed on the ballot without reference to political party affiliation.

In the event that more than two (2) candidates have qualified for any single county constitutional office, an election shall be held at the time of the first primary election and, providing no candidate receives a majority of the votes cast, the two (2) candidates receiving the most votes shall be placed on the ballot for the general election.

D. Any county constitutional officer who has held the same county constitutional office for the preceding four (4) full consecutive terms is prohibited from appearing on the ballot for reelection to that office; provided, however, that the terms of office beginning before January 1, 2015 shall not be counted.

Prior to the November 4, 2014 election, three Orange County constitutional officers—the sheriff, property appraiser, and tax collector (collectively "Appellees")—filed a suit for declaratory and injunctive relief against Orange County, challenging the underlying county ordinance as well as the ballot title and summary.[1]  After the election, in ruling on competing summary judgment motions, the trial court upheld the portion of the charter amendment providing for term limits, but struck down that portion providing for nonpartisan elections.  The trial court concluded that Orange County was prohibited

---

[1] The trial court properly determined that these constitutional officers could only sue in their individual capacity—not in their official capacity.  *State ex rel. Watson v. Kirkman*, 27 So. 2d 610, 612 (Fla. 1946) ("As a general rule a public official whose rights are not adversely and injuriously affected by the operation of an Act, or the particular feature complained of, may not raise the question of its constitutionality.  The mere interest of a public official as such is not sufficient to entitle him to question the validity of a statute, but to entitle the official to the right to raise such a question he must show that his rights of person or property are adversely affected by the operation of the statute.").

from regulating nonpartisan elections for county constitutional officers because that subject matter was preempted to the Legislature. This appeal followed.

Article VIII, section 1(g) of the Florida Constitution grants broad home rule power to charter counties, but prohibits those counties from enacting ordinances that are inconsistent with general law:

> CHARTER GOVERNMENT. Counties operating under county charters shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors. The governing body of the county operating under a charter may enact county ordinances not inconsistent with general law. . . .

There are two ways in which a county will be found to have enacted an ordinance that was inconsistent with general law. First, a county cannot legislate in a field if the subject area has been preempted to the Legislature. *Phantom of Brevard, Inc. v. Brevard Cty.*, 3 So. 3d 309, 314 (Fla. 2008). Second, in a field where both the state and local government can legislate concurrently, a county cannot enact an ordinance that directly conflicts with a state statute. *Id.*

We agree with Appellees' assertion that Orange County cannot regulate the method and timing of its elections for county constitutional officers because that subject area has been preempted to the State. Article VI, section 1 of the Florida Constitution requires elections to be "regulated by law"—meaning a statute enacted by the Legislature. *Grapeland Heights Civic Ass'n v. City of Miami*, 267 So. 2d 321, 324 (Fla. 1972). The Legislature regulates elections generally in the Florida Election Code, which encompasses chapters 97 to 105 of the Florida Statutes. In 2010, the Legislature enacted section 97.0115, which expressly provided that all matters set forth in the Florida Election Code were preempted to the Legislature:

5

> Preemption.—All matters set forth in chapters 97-105 are preempted to the state, except as otherwise specifically authorized by state or federal law. The conduct of municipal elections shall be governed by s. 100.3605.

§ 97.0115, Fla. Stat. (2010); see also *Jackson v. Leon Cty. Elections Canvassing Bd.*, 204 So. 3d 571, 575 (Fla. 1st DCA 2016) ("The Legislature has expressly preempted to the state matters involving state and local elections, with a limited exception for municipal elections."). Chapter 105, Florida Statutes (2014), set forth provisions and procedures specific to nonpartisan elections. Significantly, chapter 105 did not authorize counties to hold nonpartisan elections for the county constitutional officers that are the subject of the charter amendment at issue.

We reject the County's argument that article VIII, section 1(d) of the Florida Constitution expressly authorizes charter counties to provide for nonpartisan elections of county constitutional officers. That section provides that county officers are to be elected, unless the county charter specifies that they "be chosen in another manner":

> COUNTY OFFICERS. There shall be elected by the electors of each county, for terms of four years, a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court; except, when provided by county charter or special law approved by vote of the electors of the county, any county officer may be chosen in another manner therein specified, or any county office may be abolished when all the duties of the office prescribed by general law are transferred to another office. . . .

Art. VIII, §1(d), Fla. Const. That provision simply authorizes a charter county to select its county constitutional officers in some other manner than by election. It does not grant a charter county the power to regulate elections for those officers. *See In re Advisory Opinion to the Governor,* 313 So. 2d 717, 721 (Fla. 1975) (interpreting article VIII, section 1(d) to mean that the sheriff, tax collector, tax assessor, supervisor of elections, and clerk

6

of the circuit court are to be elected by the electors of each county but containing the proviso "that alternatively another manner than election for the selection of these officers may be provided for by county charter or special law"); Op. Att'y Gen. Fla. 86-82 (1986) ("Thus, s. 1(d) of Art. VIII merely authorizes a charter providing for the selection of county officers in another manner than elections; it does not authorize the charter to regulate the manner and election of these officers.").

In conclusion, we hold that the trial court correctly struck down that portion of Orange County's charter amendment that provided for the nonpartisan election of its county constitutional officers. We affirm, without discussion, the remaining issues raised on appeal and cross-appeal.

AFFIRMED.

PALMER, TORPY and EVANDER, JJ., concur.